FAIRLEY *v.* LADNIER, PRESIDENT OF BOARD OF SUP'RS, *et al.*

(In Banc.   March 10, 1941.)

[200 So. 724.   No. 34500.]

Wallace & Greaves, of Gulfport, for appellant.

J. F. Galloway and Buntin & McIntosh, all of Gulfport, and Greek L. Rice, Attorney-General, for appellees.

Argued orally by R. A. Wallace, for appellant.

McGehee, J., delivered the opinion of the court.

This is an appeal from a judgment of the circuit court of Harrison County which affirmed the joint official action of the president of the board of supervisors and clerk of the chancery court, whereby they had declined to approve, and had disallowed, an official bond tendered to them for approval pursuant to Sections 2890 to 2893, inclusive, of the Code of 1930, which had been executed by the appellant as a member of the board of supervisors from district No. 5 of said county, elected in a special election held on August 20, 1940, and which bond had also been signed by numerous personal sureties, as authorized by Section 2897 of the said Code.

The cause was brought up to the circuit court by writ of certiorari, directed to the said officials, and was heard and determined by that court on the record consisting of the bond in the sum of $34,000, affidavits as to the financial worth of the fifty-six sureties, numerous conveyances duly executed and acknowledged by both husband and wife and attached thereto, granting a lien on all of the homesteads of the sureties, save three, which were deemed by said officials to be worth more than enough to indemnify against any loss that may be sustained on account of any failure of the principal to faithfully discharge the duties of his office, and also upon a finding of fact in writing made by the officials to the effect that the property of the sureties was worth the sum of $45,000.

The finding of fact, containing the conclusions of the officials, stated as a reason for their failure to approve the bond that they were uncertain of their authority to accept the conveyances and also the further fact that Section 2892 of the Code, relating to the duty of the sureties in filing the affidavits of financial worth required by Section 2891 thereof, reads as follows: ''How the land valued; additional averments of the affidavit.—The value of the land shall be estimated by that at which it stands assessed, as shown by the assessment-roll, except where there has been material change in the value since the assessment; and, in that case, the affidavit shall specify such change, particularly explaining wherein it consists, and giving the numbers or metes and bounds or other sufficient description of the land.''

The finding of fact also recites, however, that the true and actual value of all the lands aggregate the said sum of $45,000, instead of the sum of $16,000 for which it is assessed on the land assessment-roll; that where any of the land is used and occupied as homesteads by the respective sureties, both the husband and the wife thus using and occupying such lands for homestead purposes had not only subscribed their names to the bonds as sureties and to the affidavits of financial worth, but that

they had duly executed, acknowledged and delivered for acceptance conveyances thereon granting a lien in favor of the state on such land to secure the payment of any judgment or decree that may be rendered in favor of the State of Mississippi and against Edward Fairley, as the principal obligor, and them, as sureties, arising out of any failure of the said Edward Fairley to faithfully discharge the duties of his office during his continuance therein. The finding of fact further recites that although the officials are convinced by the undisputable evidence before them that the lands involved have true values aggregating the sum of $45,000, instead of an aggregate value of $16,000 as disclosed by the land assessment-roll, they were unable to judicially interpret, and to legally apply to the proceeding, the provisions of Section 2892 of the Code hereinbefore quoted.

Even though these officials failed to interpret Section 2892 of the Code as being in pari materia with Sections 2891 and 2893 thereof, and to also construe it in connection with Section 112 of the State Constitution, and that said Section 2893 authorized them, and made it their duty, if they were not acquainted with the property of the surety, to make an independent investigation, and to then exercise a sound discretion in approving bonds; and even though it was held in the case of Adkinson & Bacot Co. v. Varnado et al., 91 Miss. 825, 47 So. 113, 115, that: "There is no public policy as to homesteads except that which the statute has declared; and that public policy, so far as contracts are concerned, like a mortgage upon a homestead, is confined exclusively to providing that such instruments shall not be valid unless joined in by the wife in the manner marked out by the law;" nevertheless, this Court is neither vested with authority to judicially review the action of the officials in disapproving the bond, nor can we require them to approve the same. The president of the board of supervisors and chancery clerk of the county, even though acting judicially when passing upon the sufficiency of the bonds of

other county officials, do not constitute a court of record or a tribunal required to keep a record of their findings, and hence even if it should be true, although we do not so hold, that certiorari would lie in the instant case, we would be limited in reviewing the record to a consideration of the bond, affidavits of financial worth and the other security offered, and without the right to consider the evidence upon which the officials made their finding or the facts set forth therein.

Without indicating to any extent an approval of the grounds assigned by the circuit court as its reason for affirming the action of the officials in disapproving the bond, it is necessary for the reasons hereinbefore stated that we affirm the judgment rendered by that court in denying the relief sought. If the judgment of that court should be reversed, then under our established procedure such judgment would be rendered here as should have been rendered by the officials charged with the duty of approving the bond and by the circuit court, but we are not vested with the authority to approve official bonds of county or other officials.

The judgment of the court below must therefore be affirmed.

Affirmed.

**Smith, C. J.**, delivered a separate opinion.

On the authority of American Book Company v. Vandiver, 181 Miss. 518, 178 So. 598; Andrews v. Covington, 69 Miss. 740, 13 So. 853; Shotwell v. Covington, 69 Miss. 735, 12 So. 260; Swan v. Gray, 44 Miss. 393, I concur in holding that where a statute designates an officer to approve or disapprove an official bond, his action in so doing cannot be reviewed by the courts. Having here so held, this Court is without authority to then review the evidence on which the officers here acted and intimate that they should have approved this bond. So to do is a mere dictum, of no binding force and may mislead.