KING, C.J.,
for the Court.
¶ 1. Roy White (Roy) and Kevin White (Kevin), conducting business under the name of R & K Timber, appeal the judgment of the Newton County Circuit Court that affirmed the Mississippi Workers’ Compensation Commission’s finding that R & K Timber was an employer subject to the Mississippi Workers’ Compensation Act, and that its employees, Joe Jordan and George Lee Dukes, were covered employees on the date of their injuries.
¶ 2. On appeal, R & K Timber raises as error the following matters:
1. That an erroneous legal standard was applied in finding R & K Timber to be a covered employer under the Mississippi Worker’s Compensation Act, and the finding was not supported by substantial evidence.
2. That in finding R & K Timber to be a covered employer, and immediately subject to the requirements of the Mississippi Workers’ Compensation Act, the Commission held R & K Timber to a higher coverage standard than that required by Mississippi Code Annotated section 71-3-5 and that of the Commission’s own criteria for applying for compensation coverage.
3. That it was error to prematurely dismiss Linden Lumber Company since it might have been a statutory employer and, thus, responsible for securing compensation payments.
4. That the acceptance of the benefits paid under the AIG policy should have been considered as either an election of remedy or applied as credit for payments made in lieu of compensation.
¶ 3. Finding no error, we affirm.
FACTS
¶ 4. In June 2003, Roy decided to reenter the logging business. Prior to December 2002, he had been the manager of a logging business that was owned by his wife. This time he established the business under the name of R & K Timber. R & K Timber was a joint venture between Roy and his son, Kevin.
¶ 5. The Whites hired a total of seven people. They employed two saw-hands, a skidder operator, a mechanic, two truck drivers, and a foreman. Jordan and Dukes were the saw-hands. Both Jordan and Dukes had previously worked for Hickory Timber Company, which went out of business in December 2002 and had been owned by Roy’s wife and managed by Roy.
¶ 6. R & K Timber began its logging business on June 23, 2003. Just a few weeks later on July 16, 2003, Jordan and Dukes[1] were injured in a common accident during the course of their employment. Both employees were severely injured when a tree fell and hit them.
*758 ¶ 7. Jordan suffered a crushed chest and a transaction of the spinal cord. He is paralyzed from the waist down and confined to a wheelchair for the rest of his life. He suffers from chronic pain. Dukes suffered a humeral fracture and an inferior subluxation. Since the accident, Dukes has had difficulty with finger grip and numbness over the left small finger.
¶ 8. At the time of the accident, R & K did not have workers’ compensation insurance coverage. However, it did have an American International Group, Inc. (AIG), policy to cover accidents to employees, but the policy specifically excluded workers’ compensation coverage. Further, the policy stated that it was not meant to be used in lieu of workers’ compensation insurance.
¶ 9. In order to procure the AIG policy, R & K Timber was required to list its employees and how much it expected to pay those employees. Following the accident and injuries which serve as the basis of this action, the AIG policy did pay some amount to each of the injured employees.
¶ 10. Jordan and Dukes filed petitions to controvert on December 29, 2003. A hearing was held before an administrative law judge (ALJ). The ALJ found that R & K Timber was a covered employer as defined by the Mississippi Workers’ Compensation Act. Therefore, R & K Timber should have procured workers’ compensation insurance to cover any injuries that its employees might receive, including those injuries, that are the subject of this action. The Commission adopted the findings of the ALJ and found that R & K Timber was a covered employer as defined under the Mississippi Workers’ Compensation Act.
¶ 11. Subsequently, R & K Timber appealed the Commission’s decision to the Newton County Circuit Court. The circuit court found that there was substantial evidence to support the decision of the Commission. Therefore, the court affirmed the Commission’s decision. R & K Timber then instituted this appeal, which was deflected here for our review.
ANALYSIS
1. That the Commission erred in finding that R & K Timber was a covered employer under the Mississippi Workers’ Compensation Act.
¶ 12. R & K Timber argues that it was not a covered employer as defined by the Mississippi Workers’ Compensation Act, and that Jordan should have been required to prove by clear and convincing evidence, and not merely by the preponderance of the evidence, that R & K Timber was a covered employer. R & K Timber argues that there was no clear and convincing evidence that: (1) it regularly employed at least five persons or (2) Jordan was “regularly” employed by R & K Timber, because the Legislature has not defined the term regularly. Mississippi Code Annotated section 71-3-5 (Supp.2008), defines a covered employer for workers’ compensation as follows:
Every person, firm and private corporation, including any public service corporation but excluding, however, all nonprofit, charitable, fraternal, cultural, or religious corporations or associations, that have in service five (5) or more workmen or operatives regularly in the same business or in or about the same establishment under any contract of hire, express or implied.
¶ 13. Despite R & K Timber’s assertion that the Legislature has not defined “regularly,” the term “regularly” has been defined by the Mississippi courts. In Jackson v. Fly, 215 Miss. 303, 307-08, 63 So.2d 536, 537 (1953), the supreme court quoted favorably both “58 Am.Jur., Workmen’s Compensation, [sjection 87, p. 640” and *759 “Larson’s Workmen’s Compensation Law, volume 1, [s]ection 52.20, page 769.” The supreme court further quoted from Fowler v. Baalmann, Inc., 361 Mo. 204, 234 S.W.2d 11, 14 (1950), which stated:
The word “regularly” is not synonymous with constantly or continuously. The work may be intermittent and yet regular. Men may be regularly but not continuously employed.... The word “regular” is used as an antonym of the word “casual” and, when an employee is regular or “regularly” employed, he is not casual.
Jackson, 215 Miss, at 308, 63 So.2d at 537.
¶ 14. It is clear that Jordan and sufficient others were “regularly” employed by R & K Timber to bring the company within the definition of a covered employer. Both Jordan and Dukes had worked with Roy in Roy’s wife’s logging business, and there was substantial evidence that they had worked with the Whites for several weeks prior to the accident. This finding was supported by sufficient evidence and not contrary to the overwhelming weight of the evidence.
 ¶ 15. R & K Timber argues that in making a determination of whether it was a covered employer, the proper standard of proof should have been clear and convincing evidence. R & K Timber suggests that this higher standard is required by section 71-3-83 of the Workers’ Compensation Act, which provides for the possible imposition of criminal penalties for the failure to secure payment of compensation. Miss.Code Ann. § 71-3-83 (Rev. 2000). The argument of R & K Timber is at best syllogistically flawed and at worst disingenuous. The standard of proof in this case is by a preponderance of the evidence. “To establish entitlement to benefits under workers’ compensation, the claimant bears the burden of proving by a preponderance of the evidence each element of the claim of disability.” Bryan Foods, Inc. v. White, 913 So.2d 1003, 1008(¶ 18) (Miss.Ct.App.2005) (citing Hedge v. Leggett & Platt, Inc., 641 So.2d 9, 13 (Miss.1994)). “An appellate court must defer to an administrative agency’s findings of fact if there is even a quantum of credible evidence which supports the agency’s decision.” Bryan Foods, 913 So.2d at 1007(¶ 16) (citing Hale v. Ruleville Health Care Ctr., 687 So.2d 1221, 1224 (Miss.1997)). The appropriate standard of proof was applied and met. R & K Timber cannot dodge its responsibility. There is no merit to this assignment of error.
2. That in finding R & K Timber to be a covered employer, and immediately subject to the requirements of the Mississippi Workers’ Compensation Act, the Commission held R & K Timber to a higher standard of coverage than required by Mississippi Code Annotated section 71-3-5 and that of the Commission’s own criteria for applying for coverage.
¶ 16. R & K Timber argues that it should not have been required to obtain “immediate” workers’ compensation coverage and that the statute does not require such coverage. However, R & K Timber does not cite any authority that dictates or implies the existence of a waiting period to obtain workers’ compensation insurance.
¶ 17. The claimants argue that this issue was not raised at the Commission in response to the petition to controvert and that neither of the Whites testified that it was impossible for R & K Timber to obtain workers’ compensation insurance. The evidence was that R & K Timber did not apply for workers’ compensation insurance until after the accident and that the failure to have workers’ compensation insurance was the result of its own business practices, rather than any inability. The time *760 and payroll data were within the control of R & K Timber, and it is evident that the company could have and should have applied for workers’ compensation insurance prior to the accident.
¶ 18. The statute does not set any timetable for procuring workers’ compensation insurance, it merely gives the coverage criteria. However, given the beneficent purpose of the Workers’ Compensation Act, it should be readily apparent to any business owner that workers’ compensation insurance is necessary as soon as the business meets the statutory definition of a covered employer. R & K Timber was not held to any higher standard than any other business by the Commission, and the insurance requirements are not inconsistent with the statute.
¶ 19. Because R & K Timber met the statutory definition of a covered employer pursuant to Mississippi Code Annotated section 71-3-5, it was not error to require R & K Timber to have coverage for any and all job-related accidents arising from and after it met that definition. There is no merit to this assignment of error.
3. That it was error to prematurely dismiss Linden Lumber Company since it might have been a statutory employer and, thus, responsible for securing compensation payments.
¶ 20. R & K Timber argues that it was error for Linden Lumber Company (Linden Lumber) to be dismissed since Linden Lumber could be the “statutory employer” if R & K Timber were the “subcontractor.” R & K Timber’s argument is that there was ample evidence of a contractor/subcontractor relationship. Kevin testified that: (1) the timber was purchased by Linden Lumber for harvesting; (2) the harvesting was subcontracted to him by Linden Lumber; and (3) he would not have reentered the logging business but for Linden Lumber.
¶ 21. R & K Timber does not argue that Linden Lumber was the statutory employer but only that Linden Lumber could have been. This question was presented to the ALJ, who found it lacking in merit. The ALJ noted that Linden Lumber was excluded from coverage under section 71-3-5 of the Mississippi Workers’ Compensation Act. The relevant portion provides that: “Any purchaser of timber products shall not be liable for workers’ compensation for any person who harvests and delivers timber to such purchaser if such purchaser is not liable for unemployment tax on the person harvesting and delivering the timber as provided by United States Code Annotated, Title 26, Section 3306, as amended.” There was no evidence offered of the existence of an employer-employee relationship between Linden Lumber or any of the employees of R & K Timber. There was no evidence that Linden Lumber paid Jordan or that Linden Lumber exercised any control over the employees of R & K Timber. In the absence of such a relationship, Linden Lumber was not required to pay unemployment taxes for any of R & K Timber’s employees. It was, therefore, exempt from the Mississippi Workers’ Compensation Act.
4. That the acceptance of the benefits paid under the AIG policy should have been considered as either an election of remedies or allowed as a credit for payments made in lieu of compensation.
¶ 22. R & K Timber also argues that it should be given credit for the payments under the AIG policy, despite the fact that the policy specifically excluded coverage for workers’ compensation and stated that it was not meant to be used in *761 lieu of workers’ compensation insurance. See Riddell v. Estate of Cagle, 227 Miss. 305, 309, 85 So.2d 926, 927 (1956). See also V. Dunn, Mississippi Workers’ Compensation, § 24 (3rd ed.1982), in which the following is stated:
The exclusiveness of the Act is also applied when the beneficiaries elect to claim compensation, and in such event liability is imposed without reference to other forms of insurance benefits which may have been secured, in lieu of compensation insurance, by the employer for the benefit of the employee or his dependents. Thus, liability under the Act is not discharged, in whole or in part, by the payment or acceptance of the proceeds of a life and accident policy taken out by the employer for the benefit of the employee and his dependents and such payment may not be considered as an advance payment of compensation.
¶ 23. The fact that Jordan may have received benefits from the AIG policy is irrelevant to the responsibility of the Whites and R <& K Timber under the Act. The Commission and the circuit court found their liability under workers’ compensation law, and we affirm the judgment of the circuit court.
¶ 24. THE JUDGMENT OF THE CIRCUIT COURT OF NEWTON COUNTY IS AFFIRMED. ALL COSTS OF APPEAL ARE ASSESSED TO THE APPELLANTS.
MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR. LEE, P.J., NOT PARTICIPATING.

. Since Jordan and Dukes were injured in a common accident, their claims have been consolidated. The primary issue before this Court is whether R & K Timber was a covered employer as defined by the Mississippi Workers' Compensation Act. Therefore, unless specifically noted, we will refer to the employees as merely Jordan to prevent any confusion.