BARNES, J„
for the Court:
¶ 1. This case of first impression stems from a circuit clerk’s approval of two su-persedeas bonds when there was no indication that the principals or the sureties could actually satisfy those supersedeas bonds in the event that they were unsuccessful on appeal. Incident to claims under the Mississippi Workers’ Compensation Act, George Dukes and Joe Jordan each obtained judgments that totaled approximately $185,000 against Roy and Kevin White. The Whites appealed and posted supersedeas bonds. Their wives signed as the sureties on those bonds. Rodney Bounds, the Newton County Circuit Clerk, mistakenly thought he was obligated to approve every supersedeas bond as a matter of course. After the Whites’ appeals were unsuccessful, they and their wives filed bankruptcy petitions. Dukes and Jordan were only able to collect a total of $25,000 from the Whites, despite having *821 obtained judgments that totaled approximately $270,000.
¶ 2. Dukes and Jordan sued Bounds, Newton County, and the surety on Bounds’s public-official bond, Union Insurance Company Inc. According to Dukes and Jordan, Bounds had negligently approved the Whites’ supersedeas bonds. Bounds, Newton County, and Union filed motions for summary judgment based on various theories that they were not liable, but the circuit court denied those motions. However, the circuit court granted Dukes’s and Jordan’s motions for summary judgment and found no genuine issue of material fact to dispute the concepts that: (1) Newton County and Union were liable to Dukes and Jordan for the face value of the Whites’ two supersedeas bonds; (2) Bounds was not personally liable to Dukes or Jordan because Bounds acted within the course and scope of his employment as the Newton County Circuit Clerk; and (3) Union was entitled to indemnification from Bounds.
¶ 3. Newton County appeals and claims that the circuit court erred when it denied its motion for summary judgment. According to Newton County, the circuit court should have held that the Mississippi Tort Claims Act (MTCA) governed Dukes’s and Jordan’s lawsuits. Newton County further claims that Dukes’s and Jordan’s lawsuits were untimely under the MTCA. Additionally, Newton County argues that the MTCA provides immunity from Dukes’s and Jordan’s claims.
¶ 4. Bounds also appeals and argues that the circuit court erred when it held that Union was entitled to seek indemnification from him. Union cross-appeals and argues that the circuit court erred when it found that Union was liable to Dukes and Jordan, despite having found that Bounds was not liable to Dukes and Jordan.
¶ 5. Finally, Dukes and Jordan also cross-appeal. They claim that the circuit court erred when it denied their requests for attorney’s fees and pre-judgment interest. We find that the circuit court should have found that Dukes’s and Jordan’s claims were based on the MTCA rather than Bounds’s public-official bond. While the circuit court correctly held that there was no genuine issue of material fact regarding Newton County’s liability to Dukes and Jordan, it should have granted summary judgment in favor of, rather than against, Newton County. Further, the circuit court erred regarding its conclusion that Union was liable to Dukes and Jordan. Therefore, we reverse and render the circuit court’s judgments against Newton County, Union, and Bounds. We dismiss Union’s cross-appeal and Dukes’s and Jordan’s cross-appeals as moot.
FACTS AND PROCEDURAL HISTORY
¶ 6. This case involves litigation that caused more litigation. Dukes and Jordan sustained tragic injuries while working as timber cutters for Roy White and his son, Kevin White.[1] Jordan and Dukes sued the Whites under the Mississippi Workers’ Compensation Act. Although the Whites did not have an insurance policy to cover workers’ compensation injuries, the Mississippi Workers’ Compensation Commission (the Commission) awarded Dukes and Jordan judgments against the Whites.[2]
¶ 7. The Whites appealed to the circuit court. The circuit court affirmed the Commission’s judgments. Thereafter, the *822 Whites filed supersedeas bonds of $136,751.95 and $134,367.43. Roy’s wife, Sylvia, and Kevin’s wife, Shelly, were the sureties on the Whites’ two supersedeas bonds.[3] Rodney Bounds, the Newton County Circuit Clerk, approved the Whites’ supersedeas bonds without inquiring about the Whites’ financial ability to satisfy the supersedeas bonds.[4]
¶ 8. Having had no success in their appeal to the circuit court, the Whites appealed to this Court. But in White v. Jordan, 11 So.3d 755, 761 (¶ 23) (Miss.Ct.App.2008), we also affirmed the Commission’s judgment.
¶ 9. After this Court’s mandate issued in White, Dukes and Jordan attempted to collect their judgments against the Whites. But the Whites filed bankruptcy petitions. Dukes and Jordan were eventually able to obtain $25,000 from Roy and Sylvia. Dukes and Jordan were unable to collect any money from Kevin and Shelly.
¶ 10. Dukes and Jordan then sued Newton County, Bounds, and Union. Essentially, Dukes and Jordan claimed that Bounds had negligently approved the Whites’ supersedeas bonds. Dukes and Jordan also claimed that they were entitled to collect on Bounds’s public-official bond.
¶ 11. Newton County and Union filed unsuccessful motions for summary judgment. However, Dukes and Jordan successfully moved for summary judgment.[5] The circuit court found that there was no genuine issue of material fact to contradict the evidence that Newton County and Union were liable to Dukes and Jordan for the face value of the Whites’ two superse-deas bonds.[6] But the circuit court found that Bounds was immune from Dukes’s and Jordan’s lawsuits because Bounds had been acting in his capacity as a government employee when he had approved the Whites’ supersedeas bonds. Even so, the circuit court awarded Union a judgment against Bounds based on the concept that Bounds was obligated to indemnify Union.
¶ 12. Newton County appeals. According to Newton County, the circuit court should have granted its motion for summary judgment because Dukes and Jordan had failed to file their claims within the MTCA’s one-year statute of limitations. Newton County also claims that there is no genuine issue of material fact that it is immune from Dukes’s and Jordan’s claims under various provisions of the MTCA. Additionally, Newton County argues that Dukes and Jordan waived their claims because they did not challenge the sufficiency of the Whites’ supersedeas bonds when Bounds approved them.
¶ 13. Bounds appeals and argues that the circuit court erred when it held that *823 Bounds was obligated to indemnify Union. Union’s cross-appeal is somewhat related to Bounds’s claim in that Union argues that it should not be liable to Dukes and Jordan because the circuit court did not find that Bounds was individually liable. Dukes and Jordan also cross-appeal and claim that the circuit court should have held that Bounds was individually liable. Finally, Dukes and Jordan claim that the circuit court erred when it denied their requests for attorney’s fees and pre-judgment interest.
¶ 14. We reverse the circuit court’s decision regarding Newton County’s liability. Further, while we find that the circuit court correctly held that Bounds was not personally liable, the court erred when it held that Bounds was obligated to indemnify Union. Union is not liable to Dukes and Jordan, because Bounds is not liable to Dukes and Jordan. Consequently, we reverse and render the circuit court’s judgment. Union’s cross-appeal is dismissed as moot. Dukes’s and Jordan’s requests for attorney’s fees and pre-judgment interest are also dismissed as moot.
STANDARD OF REVIEW
¶ 15. This appeal follows the circuit court’s decisions to grant Dukes’s and Jordan’s motions for summary judgment and deny Newton County’s, Bounds’s, and Union’s motions for summary judgment. We employ a de novo standard of review to a trial court’s decision to grant or deny a motion for summary judgment. Cousin v. Enter. Leasing Co.-S. Cent., 948 So.2d 1287, 1289 (¶ 6) (Miss.2007). Consequently, we must examine all the evidentiary matters before us, such as admissions in pleadings, answers to interrogatories, depositions, and affidavits to determine whether there is a genuine issue of material fact. M.R.C.P. 56(c). In so doing, we view the evidence in the light most favorable to the nonmoving party. Cousin, 948 So.2d at 1289 (¶ 6). “If there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, summary judgment should be entered in the movant’s favor. The burden of demonstrating that no genuine issue of material fact exists is on the moving party.” Id. The nonmoving party “may not rest upon the mere allegations or denials of the pleadings, but instead the response must set forth specific facts showing that there is a genuine issue for trial.” Id. at 1290 (¶ 6).
¶ 16. However, the facts are undisputed. Like the circuit court, we must resolve issues that are purely questions of law. ‘We review questions of law de novo.” Fair v. Town of Friars Point, 930 So.2d 467, 470 (¶ 7) (Miss.Ct.App.2006).
ANALYSIS
I. TIMELINESS
¶ 17. The circuit court held that Dukes and Jordan’s claims were governed by the three-year “catch-all” statute of limitations found in Mississippi Code Annotated section 15-1-49 (Rev.2012). The circuit court also held that Dukes and Jordan filed their complaints within that three-year statute of limitations. Newton County argues that the circuit court should have applied the one-year statute of limitations applicable to claims under the MTCA. Newton County further argues that the statute of limitations began to run when Bounds approved the Whites’ super-sedeas bonds. Because Dukes and Jordan did not file their lawsuits within one year of the day that Bounds approved the Whites’ supersedeas bonds, Newton County concludes that Dukes’s and Jordan’s lawsuits were untimely. We note that “[t]he issue of whether the applicable statute of limitations has run is a question of *824 law.” Stringer v. Trapp, 30 So.3d 339, 341 (¶ 9) (Miss.2010).
¶ 18. Dukes and Jordan argue that their claims are not governed by the MTCA. According to Dukes and Jordan, they sued Newton County, Bounds, and Union based on Bounds’s breaches of contract and his statutory duties as the circuit clerk. Even so,' Dukes’s and Jordan’s complaints indicate otherwise. Dukes’s and Jordan’s complaints center on the accusation that Bounds was negligent in the performance of his official duties as the circuit clerk because he: (1) failed to examine the principals and sureties on oath; (2) failed to examine the principals and sureties regarding their financial ability to satisfy the supersedeas bonds; (3) failed to require that the examination of the Whites be put in writing; (4) failed to require that the Whites sign their written examination; and (5) failed to require that the Whites provide a deposit. Essentially, Dukes and Jordan alleged that Bounds negligently approved the Whites’ supersedeas bonds.
¶ 19. Mississippi Code Annotated section 11-46-7(1) (Rev.2012) provides: “The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee ... for the act or omission which gave rise to the claim[.]” (Emphasis added). Clearly, the subject matter of Dukes’s and Jordan’s lawsuits focuses on the concept that Bounds negligently approved the Whites’ supersedeas bonds. Therefore, we find that the MTCA governs Dukes’s and Jordan’s lawsuits.
¶ 20. Dukes and Jordan cite Alexander v. Taylor, 928 So.2d 992 (Miss.Ct.App.2006), to support their argument that the MTCA does not govern their lawsuits. In Alexander, two people bought various parcels of land incident to a sale based on delinquent ad valorem taxes. Id. at 994 (¶ 2). However, the previous owner later redeemed the properties within the appropriate time. Id. The purchasers requested that the Marshall County Chancery Clerk award them title to the parcels of land. Id. Alternatively, the purchasers wanted the chancery clerk to return the ad valo-rem taxes that the purchasers had paid. Id. at 995 (¶ 9). The purchasers sued the chancery clerk based on his negligent failure to follow the proper statutory redemption procedure. Id. at 997 (¶ 19).
¶ 21. This Court held that a portion of the purchasers’ claims were governed by the MTCA. See id. at 996 (¶ 16). However, we also held that the MTCA did not govern the purchasers’ claims that the chancery clerk had failed to comply with his statutory duty under Mississippi Code Annotated section 27-45-5 (Rev.2002) to reimburse the purchasers after the prior owner redeemed the property that had been sold incident to a tax sale. Alexander, 928 So.2d at 998 (¶ 25). This Court further held that the chancery clerk’s failure to pay the purchasers as set forth in section 27-45-5 was “misfeasance in office,” which permitted the purchasers to sue the chancery clerk on his public-official bond. Alexander, 928 So.2d at 998 (¶ 25). Finally, we held that the three-year statute of limitations set forth in section 15-1-49 applied to that portion of the purchasers’ claims. Alexander, 928 So.2d at 999 (¶ 27).
¶ 22. Dukes and Jordan argue that their lawsuit is similar to the lawsuit in Alexander in that they sued Bounds, the circuit clerk, based on his failure to perform a statutory duty. The statutory duty in Alexander pertained to a chancery clerk’s duty under section 27-45-5. Alexander, 928 So.2d at 998 (¶ 25). Section 27-45-5 provides:
*825 It shall be the duty of the chancery clerk of each county ... to immediately deposit in the county depository ... all sums of money paid to him by any person for the redemption of land sold for taxes in his county.... If such clerk shall neglect, refuse[,] or fail to deposit such funds received by him as herein provided, he shall be guilty of misfeasance in office, and in addition thereto!, he] shall be liable on his official bond to any person injured by his failure to deposit such funds in the county depository as herein provided.
(Emphasis added). Consequently, section 27-45-5 specifically provides that a chancery clerk shall be liable on his official bond if he fails to follow the mandates provided by that statute.
¶ 23. In contrast, Dukes and Jordan claim that Bounds negligently performed his duties under Mississippi Code Annotated section 11-51-38 (Rev.2012), which provides:
To enable the clerk to determine the value or amount of the matter in controversy ... where the same shall not appear by the proceedings in the cause, he may examine the parties and other persons, on oath. He may also examine, on oath, all persons who may be offered as sureties on any supersedeas bond, touching their sufficiency as such sureties, and require the examination to be put in writing and signed by such persons.
Section 11-51-33 does not provide that a clerk’s failure to ensure that the principals and sureties can satisfy the supersedeas bonds will result in liability on that clerk’s public-official bond. Additionally, unlike section 27-45-5, section 11-51-33 does not include mandatory duties. Instead, section 11-51-33 lists the means a circuit clerk may utilize to enable him to “determine the value or amount of the matter in controversy.” Accordingly, Alexander does not support Dukes’s and Jordan’s arguments that their claims are not governed by the MTCA. Consequently, the circuit court erred to the extent that it declined to apply the statute of limitations that governs claims under the MTCA. It follows that the circuit court erred when it applied the catch-all statute of limitations in section 15-1-49.
¶ 24. The circuit court should have applied the one-year statute of limitations set forth in Mississippi Code Annotated section 11-46-11(3) (Rev.2012). Even so, as an alternative to its conclusion that the three-year “catch-all” statute of limitations applied, the circuit court held that Dukes’s and Jordan’s claims were timely under the MTCA’s one-year statute of limitations. We agree.
¶ 25. Bounds approved the Whites’ supersedeas bonds on August 15, 2007. Newton County, Bounds, and Union argue that the statute of limitations began to run at that time. But Dukes and Jordan had no reason to suspect that the Whites did not have the financial means to satisfy the supersedeas bonds. Likewise, Dukes and Jordan had no reason to suspect that Bounds had approved deficient supersede-as bonds. The Mississippi Supreme Court has held that the statute of limitations applicable to the MTCA is subject to a discovery rule. Caves v. Yarbrough, 991 So.2d 142, 154 (¶ 47) (Miss.2008). “[T]he limitations period for MTCA claims does not begin to run until all the elements of a tort exist, and the claimant knows or, in the exercise of reasonable diligence, should know of both the injury and the act or omission which caused it.” Id. at 155 (¶ 53). Furthermore, “a right of action against a clerk of a court for the acceptance of ah insolvent or insufficient surety upon a bond does not accrue until a judg *826 ment is rendered on the bond.” 15(A) Am. Jur.2d Clerks of Court § 56 (2011).
¶ 26. This Court issued its mandate affirming the Commission’s judgment in White on July 16, 2009. All of the Whites declared bankruptcy in September 2009. As previously mentioned, Dukes and Jordan filed their lawsuits in May 2010. Dukes and Jordan clearly filed their lawsuits within the MTCA’s one-year statute of limitations. There is no merit to this issue.
II. IMMUNITY
¶ 27. Next, Newton County argues that the circuit court should have granted its motion for summary judgment because there is no genuine issue of material fact regarding whether Newton County was immune from Dukes’s and Jordan’s lawsuits based on at least one of four different immunity provisions of the MTCA. We find that consideration of only one, the judicial immunity, is required.
¶ 28. According to Mississippi Code Annotated section 11 — 46—9(l)(a) (Rev.2012), “[a] governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim ... [a]rising out of a legislative or judicial action or inaction, or administrative action or inaction of a legislative or judicial nature.... ” Therefore, neither Newton County nor the circuit clerk, Bounds, are liable if Bounds’s approval of the Whites’ supersedeas bonds arose out of a “judicial action” or an “administrative action ... of a ... judicial nature.” Id.
¶ 29. The United States Supreme Court has explained that the first focus of judicial immunity is whether the exercise of a judicial action is comparable to that of judges. Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 485-36, 113 S.Ct. 2167, 124 L.Ed.2d 391 (1993). “[T]he ‘touchstone’ for the [judicial immunity] doctrine’s applicability has been ‘performance of the function of resolving disputes between parties, or of authoritatively adjudicating private rights.’ ” Id. (quoting Burns v. Reed, 500 U.S. 478, 500, 111 S.Ct. 1934, 114 L.Ed.2d 547 (1991) (Scalia, J., concurring in part and dissenting in part). “When judicial immunity is extended to officials other than judges, it is because their judgments are ‘functionally comparable’ to those of judges — that is, because they, too, ‘exercise a discretionary judgment’ as a part of their function.” Id. at 436, 113 S.Ct. 2167 (quoting Imbler v. Pachtman, 424 U.S. 409, 423 n. 20, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976)). In Antoine, the Supreme Court reversed the decision of the United States Court of Appeals for the Ninth Circuit, and found that court reporters were not entitled to absolute immunity for failure to produce a federal criminal trial transcript, because the court reporter did not exercise the kind of judgment protected by judicial immunity; a court reporter’s “duties are purely ministerial and administrative ... [with] no power of decision.” Id. at 436-37 n. 11, 113 S.Ct. 2167.
¶ 30. Recently, the Alabama Supreme Court noted: “[C]lerks are officials ‘with a blend of judicial and administrative duties’ and ... ‘are entitled to judicial immunity when they are ‘required to “exercise judgment” in the execution of a task.’” Ex parte City of Tuskegee, 932 So.2d 895, 909 (Ala.2005) (quoting Bayou La Batre v. Robinson, 785 So.2d 1128, 1133 (Ala.2000)). The court in City of Tuskegee explained that in Alabama, clerks of court and magistrates “are afforded judicial immunity for their ‘discretionary judicial acts.’ ” Id. at 908 (quoting Bayou La Batre, 785 So.2d at 1133). Alternatively, “an administrative duty that [does] not involve the exercise of judgment” would not warrant judicial immunity. Id. at 909 (citing Bayou La Ba *827 tre, 785 So.2d at 1133).[7]
¶ 31. The United States Court of Appeals for the Third Circuit has noted that “where the defendant is directly involved in the judicial process, he may receive immunity in his own right for the performance of a discretionary act or he may be covered by the immunity afforded the judge because he is performing a ministerial function at the direction of the judge.” Waits v. McGowan, 516 F.2d 203, 206 (3d Cir.1975) (noting “the range of reasoning used by the courts to protect the clerk of court from liability in civil rights suits”).
¶ 32. Judicial immunity in Mississippi is very broad — it provides protection not only for a “judicial action” but also an “administrative action” of a “judicial nature.” See Miss.Code Ann. § 11-46-9(l)(a). In this respect, Mississippi immunity would extend beyond that discussed in Antoine and City of Tuskegee. Mississippi would also protect the “administrative acts” of a “judicial nature.” “Several courts have held that the act of a clerk of court in passing upon the sufficiency of a surety for an appeal bond” or “accepting a defective appeal bond ... was protected” because “the clerk ... acted quasi-judicially, or ... approved the bond in good faith.... ” Andrea G. Nadel, Annotation, Applicability of Judicial Immunity to Acts of Clerk of Court under State Law, 34 A.L.R.4th, 1186, 1189 (1984). The Alabama Supreme Court has held that “[t]he approval of the financial sufficiency of a bond entrusted to an administrative officer is a quasi judicial act by him.... ” Martin v. Carroll, 257 Ala. 179, 58 So.2d 106, 107 (1952) (citing Baker v. Denniston-Boykin Co., 245 Ala. 407, 17 So.2d 148, 151 (1944)).[8] Illinois courts have also held that the approval of an appeal bond is a judicial act. Benson v. Gerhart, 241 Ill.App. 376, 380 (Ill.App.Ct.1926) (citing Plotke v. Chicago Title & Trust Co., 175 Ill. 234, 51 N.E. 754, 755 (1898)).
¶ 33. Long ago, the Mississippi Supreme Court determined that the duty of a chancery clerk to approve bonds of county officers “is in the nature of a judicial act, requiring the exercise of judgment and discretion in the performance of it. It is not a ministerial duty....” Swan v. Gray, 44 Miss. 393, 393 (1870). The court, bound by this authority, later determined that the refusal of the president of a board of supervisors to approve a bond of the clerk of the chancery and circuit courts could not be overturned by mandamus, even where the refusal was “a capricious and arbitrary exercise of power.” Shotwell v. Covington, *828 69 Miss. 735, 737, 12 So. 260, 260 (1892).[9] The court noted that “if, in the exercise of the power of approval, however erroneous his action, in the absence of statutory provisions subjecting him to liability, he (the approving officer) is exempt, on the common-law principle which protects a judge from liability to suit or indictment for judicial acts or omissions.” Id. at 739, 12 So. at 261 (quoting Ex parte Harris, 52 Ala. 87, 1875 WL 899, at *3 (1875)).
¶ 34. In Fairley v. Ladnier, 190 Miss. 514, 519, 200 So. 724, 725 (1941), the Mississippi Supreme Court reiterated that the chancery clerk was “acting judicially”[10] when passing upon the sufficiency of the bonds of county officials. In Fairley, the president of the board of supervisors and the clerk of the chancery court refused to approve an official bond of a member of the board of supervisors, executed on behalf of the appellant, Fairley. Id. at 517, 200 So. at 724. On appeal, the Mississippi Supreme Court held that while these officers were acting “judicially,” the court was without authority to review their actions. Id. at 619-20, 200 So. at 725.
¶ 35. In the instant case, the circuit clerk’s act of approving the supersede-as bonds was the same as if a judge had been called upon to do so. Mississippi statutory law provides that “[a] supersede-as shall not be granted in any case pending before the Supreme Court, unless the party applying for it shall give bond as required by the Rules of the Supreme Court.” Miss.Code Ann. § 11-51-31 (Rev. 2012). Mississippi Rule of Appellate Procedure 8(a) states the circuit court clerk shall approve the supersedeas bond, and this approval “shall constitute a stay of the judgment.” The Mississippi Code also gives clerks the authority to take testimony of the parties and other individuals, under oath, regarding the adequacy of the sureties on any supersedeas bond. Miss. Code Ann. § 11-51-33 (Rev.2012). Rule 8(a) goes on to explain that if the clerk declines to approve the bond, or the clerk’s approval is contested, the dissatisfied party may appeal the decision to the circuit judge. The fact that the clerk’s approval is not absolutely necessary — the appeal may go forward without it — does not make the supersedeas bond any less of an integral part of the appellate process. Undoubtedly, had Dukes and Jordan appealed the approval of the supersedeas bond to the circuit judge, and the judge affirmed the approval, the circuit judge would be entitled to judicial immunity. The clerk’s act, approval of the bond, would be entitled to the same immunity.
¶ 36. In Forrester v. White, 484 U.S. 219, 227, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988), the United States Supreme Court explained the “functional approach” to determine whether an official’s tasks are so integral to the judicial process that they are entitled to absolute judicial immunity:
[T]he doctrine of absolute judicial immunity has not been particularly controver *829 sial. Difficulties have arisen primarily in attempting to draw the line between truly judicial acts, for which immunity is appropriate, and acts that simply happen to have been done by judges. Here, as in other contexts, immunity is justified and defined by the functions it protects and serves, not by the person to whom it attaches.
The Court continued: “[I]t was the nature of the function performed, not the identity of the actor who performed it, that informed our immunity analysis.” Id. at 229.[11]
¶ 37. In Mississippi, the clerk serves the same function as the judge in approving supersedeas bonds. Approval of the bond is an integral part of the judicial function, and our rules authorize the clerk to exercise his discretion. While it is indeed unfortunate that the circuit clerk did not understand his responsibility in approving the supersedeas bond in question, the “judicial-action” immunity protects Newton County from liability for his acts.
III. OBLIGATION TO CHALLENGE THE SUPERSEDEAS BONDS
¶ 38. Newton County claims Dukes and Jordan waived their rights to recover under the supersedeas bonds because they did not challenge Bounds’s approval at the time. Newton County’s reasoning is based on the ideas that (1) there was no evidence that Bounds knew the Whites were insolvent when Bounds approved their superse-deas bonds; (2) Dukes and Jordan were represented by counsel during the underlying litigation; and (3) the provisions of Rule 8 of the Mississippi Rules of Appellate Procedure.
¶ 39. Rule 8(a) of the Mississippi Rules of Appellate Procedure provides that “[i]n the event the clerk declines to approve the bond, or the clerk’s approval is contested, or the appellant seeks a stay on any basis other than compliance with this subdivision, the requirements of Rule 8(b) apply.” According to Rule 8(b)(1), “Application for a stay of the judgment or the order of a trial court pending appeal or for approval or disapproval of a contested supersede-as bond or for an order suspending, modifying, restoring, or granting an injunction during the pendency of an appeal must ordinarily be made in the first instance to the trial court.”
¶ 40. Rule 8(a) allows a litigant to challenge a clerk’s approval of a superse-deas bond. In this case, Bounds did not decline to approve the supersedeas bonds, and no party contested Bounds’s approval. But no portion of Rule 8 stands for the concept that a plaintiff waives the right to sue a circuit clerk for negligently approving a supersedeas bond if that plaintiff did not challenge the circuit clerk’s approval of that bond. There is no merit to this issue.
IV. INDEMNIFICATION AGAINST BOUNDS
¶ 41. Bounds argues that the circuit court erred when it held that he was obligated to indemnify Union for its liability to Dukes and Jordan. As the surety on Bounds’s public-official bond, Union’s liability is conditioned upon Bounds’s own liability. According to Bounds’s public-official bond:
[Bounds] will at all times indemnify and save [Union] harmless from and against every claim, demand, liability, cost, loss, charge, expense, suit, order, judgment, and adjudication whatsoever, counsel fees payable on demand by [Union] *830 whether actually incurred or not, including fees of attorneys whenever by [Union] deemed necessary, and any and all liability therefor, sustained or incurred by [Union] by reason of having executed or procured the execution of said bonds or obligations....
However, “[n]o employee shall be held personally liable for acts or omissions occurring within the course and scope of the employee’s duties.” Miss.Code Ann. § 11-46-7(2) (Rev.2012). Mississippi Code Annotated section 11-46-7(7) (Rev.2012) states that “it shall be a rebuttable presumption that any act or omission of an employee within the time and at the place of his employment is within the course and scope of his employment.” It is undisputed that Bounds was acting in the course and scope of his employment when he approved the Whites’ supersedeas bonds.
¶ 42. Furthermore, “no liability may be imputed to [a] surety beyond that of its principal.” Mohundro v. Alcorn Cnty., 675 So.2d 848, 854 (Miss.1996). As related to Bounds’s public-official bond, Bounds was the principal and Union was the surety. Because Bounds cannot be personally liable to Dukes and Jordan, Union likewise cannot be liable to Dukes and Jordan. Consequently, Union has no reason to require indemnification from Bounds. Therefore, we find that the circuit court erred when it held that Bounds was obligated to indemnify Union. It follows that we reverse and render the circuit court’s judgment holding Bounds liable to Union. Accordingly, Union’s cross-appeal is moot. Similarly, Dukes’s and Jordan’s claims on cross-appeal that the circuit court erred when it held that Bounds was not personally liable are also moot.
V. JORDAN’S AND DUKES’S CROSS-APPEALS
¶ 43. On cross-appeal, Dukes and Jordan argue that the circuit court erred when it declined to award them attorney’s fees. However, “[n]o judgment against a governmental entity or its employee for any act or omission for which immunity is waived under this chapter shall include ... an award of attorney’s fees unless attorney’s fees are specifically authorized by law.” Miss.Code Ann. § 11-46-15(2) (Rev. 2012). We find no merit to this issue.
¶ 44. Dukes and Jordan also claim the circuit court should have awarded them pre-judgment interest. Section 11-46-15(2) provides that “[n]o judgment against a governmental entity or its employee for any act or omission for which immunity is waived under this chapter shall include an award ... for interest prior to judgment.” Thus, there is no merit to this issue.
¶ 45. Further, Dukes’s and Jordan’s claims for attorney’s fees and pre-judgment interest are moot as we reverse and render judgment in favor of Newton County, Bounds, and Union.
¶ 46. THE JUDGMENT OF THE NEWTON COUNTY CIRCUIT COURT IS REVERSED AND RENDERED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPEL-LEES/CROSS-APPELLANTS.
IRVING AND GRIFFIS, P.JJ., ROBERTS, MAXWELL, FAIR AND JAMES, JJ., CONCUR. CARLTON, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION, JOINED BY ISHEE, J. LEE, C.J., NOT PARTICIPATING.

. A tree fell on Dukes and Jordan. Jordan was paralyzed from the waist down. Dukes broke his arm.

. Dukes and Jordan each obtained judgments for $300.02 per week for 450 weeks.

. Sylvia was a Newton County election commissioner. As such, Bounds saw her in the circuit clerk’s office multiple times each week.

. During his deposition, Bounds said that he did nothing to determine the sufficiency of the Whites' assets. He did not understand his responsibilities as a circuit clerk as they related to supersedeas bonds, despite having been the Newton County Circuit Clerk for approximately twenty-eight years. According to Bounds, he simply assumed that the Whites could satisfy the supersedeas bonds, but that was essentially irrelevant to him because he thought he was obligated to approve every supersedeas bond that was presented to him as a matter of course.

. The circuit court denied Dukes’s and Jordan's requests for attorney's fees and prejudgment interest.

. The circuit court held that Newton County and Union were jointly liable to Dukes and Jordan for the value of the Whites’ two super-sedeas bonds. No party has raised an issue regarding the circuit court’s computation of Dukes’s and Jordan’s damages.

. In City of Tuskegee, police officers, the city, the clerk of courts, and the magistrate petitioned for a writ of mandamus directing the circuit court to grant summary judgment on the basis that they were entitled to immunity in an arrestee's underlying action against them. City of Tuskegee, 932 So.2d at 898-99. The underlying action arose from an erroneous issuance of a capias warrant for failure to appear at a hearing on harassment charges. Id. at 899. The Alabama Supreme Court denied the petition for mandamus as to the clerk of court and the magistrate on the basis of judicial immunity because the supreme court could not determine from the evidence if their actions were administrative or discretionary. Id. at 910-11.

. See also King v. Sawyer, 1 Ala.App. 439, 55 So. 320, 321 (1911) ("The approval of, or the refusal to approve, a bond ... by a justice of the peace, or other officer authorized to approve such bond, is a judicial act, and there is no principle more firmly established than that a judicial officer is not liable in damages....”); Howe v. Mason, 14 Iowa 510, 1863 WL 157, *3 (1863) ("[T]he act of approving a bond by a justice of the peace is of a judicial character, or at least ... determining the question whether the sureties in a bond are competent to contract, so partakes of a judicial act as to release a justice from liability if he should honestly err in his judgment.”).

. The Shotwell court noted some conflict among courts as to whether the power delegated to officers or courts to approve bonds of public officers is ministerial or judicial in nature. Shotwell, 69 Miss. at 737, 12 So. at 260. The Shotwell court would have preferred this power be ministerial rather than judicial "[i]n view of the interest of the public in having officers elected by them inducted into office.” Id. However, the court found itself bound by Swan.

. We note that as reported in the Westlaw database, Westlaw uses the word “juridically,” but the word used in the Mississippi Reports and Southern Reporter is "judicially." The Mississippi Reports is, of course, the official reporter. See M.R.A.P. 28(e). However, the meaning of the two words is the same: relating to administration of justice, or the office of a judge. Black's Law Dictionary 846, 853 (6th ed. 1990).

. Forrester held that a judge was not entitled to judicial immunity for his decision to demote and discharge a probation officer, although the judge’s decision was made in the course of the judge's administrative capacity. Forrester, 484 U.S. at 229-30, 108 S.Ct. 538.