STATE, FOR USE OF BOYLE *et al.*, *v.* MATTHEWS, TAX COLLECTOR, *et al.*

(In Banc. May 22, 1944.)

[18 So. (2d) 156. No. 35633.]

W. W. Venable, of Clarksdale, for appellants.

836

Roberson & Luckett, of Clarksdale, for appellees.

Griffith, J., delivered the opinion of the court.

The taxes for the year 1937 on the lot here in question were actually and fully paid by the owner to Matthews, the tax collector, and the tax collector's official receipt

therefor was delivered to her. Nevertheless, at the tax sale in 1938 for the delinquent taxes of the year 1937, the tax collector sold the lot to one Seward and thereafter transmitted to the chancery clerk the tax collector's list of lands sold to individuals as required by Section 3256, Code 1930, as amended, Sections 9935, 9936, Code 1942, whereby the tax collector certified, and for the public record, that the taxes on the lot had not been paid for the year 1937, and that, for and on account of the alleged delinquency, he had sold the lot to Seward.

Appellants desired to purchase the lot and employed an attorney to examine the title. Seeing the record of the tax sales to individuals as certified by the tax collector, and acting on the faith of said certified list, as is common in such cases, and the tax deed all in due form, the period of redemption having expired, the attorney reported the title good, and appellants purchased the lot from Seward, by a quitclaim deed, paying Seward therefor $150 in cash; and appellants thereupon made improvements on the lot in the sum of $200.50.

When shortly thereafter they discovered that the taxes had been paid and that they had obtained no title through the tax sale, they sued the tax collector on his bond for the $150 paid out on the title, and for the $200.50 spent for improvements. The trial court denied recovery, hence this appeal.

The tax collector has defended on the ground, among others, that Chapter 188, Laws 1934, Section 9925, Code 1942, covers the only liability imposed on a tax collector for the sale of land for taxes after he shall have received the taxes due thereon. This statute gives relief to none other than the immediate tax purchaser and the owner, and appellants are neither of these.

Appellants, in addition to other contentions, rely upon the above cited Section 3256, Code 1930, as amended, which provides that "if the sheriff or clerk shall fail to perform the duties herein prescribed, he shall be liable to the party injured by such default in the penal

sum of twenty-five dollars, and also on his bond for the actual damages sustained." But this section deals solely with the requirement that the tax collector shall transmit to the clerk a certified list of the lands sold by him and that the clerk shall record it in a book kept for that purpose. There was no default here in transmitting the list; the land was sold and the list so shows; but the negligence was in the sale of the land when the taxes on it had been paid.

Neither of the cited statutes has application to the present case, and it not being necessary to decide whether they are exclusive, we will proceed to the common-law rule, which we now state.

When the duty imposed upon an officer is one solely to the public, the failure to perform it, or an erroneous or negligent performance, is regarded as an injury to the public and not to an individual member of the public; and an individual harmed thereby may not have redress against the officer unless the individual had in it such a direct and distinctive interest as to set him apart from all others of the public in respect to it, and the fact of the injury does not in itself serve to make out the direct and distinctive interest which is essential. 43 Am. Jur. Public Officers, Secs. 272, 279; 2 Cooley on Torts, 4th Ed., Sec. 300; Mechem, Public Officers, Secs. 672-674; Throop, Public Officers, Secs. 707, 708; 46 C. J., Officers, Sec. 329.

When the tax collector made out and filed the certified list of lands sold to individuals, he was performing a duty solely for the public, and no individual member of the public had any interest therein apart from all others of the public, save those whose lands were sold, and the immediate purchasers thereof. Appellants had no individual interest therein which was in any way different or distinct from that of others of the public; and the fact that appellants afterwards examined the list, as all others could do, and acted on it to their injury does not take them out of the rule, for, if so, the rule itself would disappear.

Statutes have been enacted in many states, and in various forms, to furnish some relief in cases which, under the common-law rule above stated, would be without remedy; and instances may be found where the courts have appeared inclined to seize upon slight distinctions to take the particular cases out of the rule, and, too, it may be that the rule as stated applies only to monetary as distinguished from personal injuries, as to which we have made no examination and express no opinion. We have referred to the only two statutes in this state which bear upon a tax collector's liability in cases of the kind here before us and have observed that neither of them applies to the present facts in so far as these appellants as remote purchasers are concerned.

It may be that the legislature has considered it unwise and impolitic to extend a tax collector's liability further than the two statutes which have been mentioned, and that as to negligent or erroneous conduct by the tax collector, other than as covered by the two statutes, the common-law rule ought to be allowed to stand—out of consideration of the difficulties in cases such as this of any just or practical measure of damages. Here a lot was sold and appellants as remote purchasers paid $150 for it. Suppose it had been worth, and was sold to the remote purchasers for $10,000, or even more, and suppose it had increased in value as time went on, and subsequent purchasers paid value. Some tax collectors in some years sell hundreds of lots or tracts. How far down the chain of results and of several chains for several sales shall the tax collector's liability follow, and how from time to time shall it be practically measured? This alone is sufficient to give pause, as to which see the comment in Gallaway v. Sheppard (Tex. Civ. App.), 89 S. W. (2d) 417, at page 418.

Affirmed.