SOUTHWICK, J.,
for the Court.
¶ 1. The plaintiffs brought suit seeking execution of tax deeds and for damages. The Marshall County Circuit Court granted the defendants’ motions to dismiss based on a one-year statute of limitations. We disagree that the one-year statute applies to all the claims, but applying the proper limitations periods to the various claims, we affirm.
ACTS
¶ 2. On August 30, 1994, Marshall County officials conducted a sale of parcels for which 1993 ad valorem taxes were delinquent. James Alexander and L.J. New-some purchased various tracts at that sale. It is undisputed that within the two years given for redemption from a tax sale, the back 1993 taxes, interest and penalties were paid on behalf of the prior owner on the tracts that Alexander and Newsome purchased. What has kept Alexander and Newsome in dispute with Marshall County for ten years is that prior to the redemption in 1996, these two tax sale purchasers on August 9, 1995, paid the 1994 ad valo-rem taxes on the parcels they had purchased the previous year. Alexander and Newsome base their insistence that tax deeds be executed to them on the fact that the chancery clerk, while collecting the money sufficient to redeem from the sale for unpaid 1993 taxes, did not also collect the amount of money, including substantial interest, needed to reimburse them for having paid the 1994 taxes. As will be discussed, a statutory change effective in March 1995 addressed a tax sale purchaser’s payment, prior to redemption, of the post-sale year’s taxes.
¶ 3. Soon after the two-year period of redemption from the August 1994 tax sale ended in August 1996, both purchasers met with Marshall County Chancery Clerk John Taylor, Jr., in order to demand tax deeds to these properties. Taylor informed them that the properties had been timely redeemed. The two tax sale purchasers made a written demand on the clerk for tax deeds to the property on December 4, 1996. Alexander, through counsel, made another written demand on October 14, 1998. The chancery clerk’s deposition asserts that the clerk always indicated that he disagreed that they were entitled to a tax deed. The plaintiffs do not allege that they were ever led to believe that a deed would be executed to them.
¶ 4. On July 14, 2000, Chancery Clerk Taylor notified the purchasers in writing that these properties had been redeemed. He attached a hand-written document listing the date of redemption but did not include any official record of the redemp-tions.
¶ 5. On June 15, 2001, the purchasers filed a suit with claims similar to those in the current one and also made claims under federal law, such as violations of their civil rights, equal protection, and due process. That first suit was filed in Hinds *995 County Circuit Court, removed to the United States District Court for the Southern District of Mississippi, and transferred to the United States District Court for the Northern District of Mississippi. That court dismissed the federal claims on the merits and dismissed the state law claims for lack of jurisdiction.
¶ 6. On August 6, 2003, Alexander and Newsome filed the present action in Hinds County Circuit Court. Venue was transferred to Marshall County Circuit Court. Defendants Chancery Clerk Taylor and the United States Fidelity & Guaranty Company, which bonded Taylor, filed motions to dismiss for failure to state a claim upon which relief can be granted. Suit was dismissed on the basis that all claims were barred by a one-year statute of limitations.
¶ 7. In the trial court, notice was given under Civil Procedure Rule 25 that Chancery Clerk Taylor died on April 16, 2004. We do not discover any further reference by pleadings or order to his death. Under the civil rules, the successor to a public official sued in his official capacity is automatically substituted as a party. M.R.C.P. 25(d). The subsequent proceedings should be in the name of the successor, but a court may disregard a failure to use the substituted name absent an effect on substantial rights. Id., M.R.A.P. 43(c)(1). Taylor was sued both in his individual and official capacities. In light of our resolution of the case, the failure to follow the rule for substitution of a representative for Taylor in his individual capacity is at this stage of little consequence. The procedural rules should not be ignored, however.
DISCUSSION

1. Causes of Action

¶ 8. The trial court dismissed this suit on the basis that the statute of limitations applicable to suits under the Mississippi Torts Claims Act barred the action. What limitations statute or statutes apply is determined from an examination of the claims that are made.
¶ 9. The plaintiffs, Alexander and New-some, argue that the primary focus of this suit is to recover land. It is clear from the language in the complaint that a claim to gain title to land is made. In the alternative, the plaintiffs seek reimbursement for taxes and other expenditures on redeemed parcels. Further, there is a tort claim against Taylor for his alleged negligent acts, a claim that includes a demand for punitive damages. The plaintiffs argue that these claims stem from Taylor’s failure to follow proper procedures for redemption, specifically his failure to collect the money to reimburse the purchasers for the 1994 taxes and not just those for 1993.
¶ 10. The defense argues that all tort suits against the county and its officials are covered by the one-year statute of limitations. We are pointed to this part of the Tort Claims Act:
The [one-year] limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under the provisions of this chapter, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.
Miss.Code Ann. § 11-46-11(3) (Rev.2002). It is self-evident that only those suits “subject to” the Tort Claims Act are controlled by that Act’s statute of limitations. Efforts to re-label tort suits as something else in order to avoid some part of the Act are ineffective, as this quoted language indicates. Yet that is not the same thing *996 as a statutory assertion that there are no suits other than in tort that can be brought against governmental offices and officials.
¶ 11. The Mississippi Tort Claims Act followed a convoluted path that began with the Supreme Court’s abolishment of judicially-created sovereign immunity and a simultaneous invitation to the Legislature to adopt statutory rules. See Richard Smith-Monahan, Sovereign Immunity in Mississippi 1982 to 1995: A Practical Tool For Lawyers And Judges, 16 Miss. C.L.Rev. 215 (1995). Before this enactment, there were statutes that permitted suits on various kinds of claims against the state government and its subdivisions. E.g., Miss.Code Ann. § 11-45-1 (Rev.2002) (suits for money claims that are subject to audit by the State Auditor). Any suits formerly brought under those statutes in tort must now be filed under the Mississippi Torts Claims Act. However, these other statutes remain for actions that are not in tort.
¶ 12. Multiple claims governed by different statutes of limitations may be joined in one suit. In some situations, the proper trial court for some of the claims is different than the proper court for others. Jurisdiction concerning title to real property obtained through a tax sale is with the chancery court. Miss.Code Ann. § 11-17-1 (Rev.2004). Claims for damages arising in tort are for the circuit court. Miss.Code Ann. § 9-7-81 (Rev.2002). Since circuit courts have general jurisdiction, presenting equity claims in a circuit court is a better judicial fit than presenting legal claims in a chancery court. Union Nat’l Life Ins. Co. v. Crosby, 870 So.2d 1175, 1182 (Miss.2004).
¶ 13. In the present litigation, claims at law for damages and in equity for recovery of land are raised. This suit properly merged those claims in circuit court.
¶ 14. The only defendants were the chancery clerk and his bonding company. For tort claims against the chancery clerk, these are proper parties. Seeking a mandamus to require a public official to perform a non-discretionary act must join that official who would receive the mandate. A suit trying to clear title to lands purchased at a tax sale must join all persons known to have an interest in the land. Miss.Code Ann. § 11-17-1 (Rev.2004). The plaintiffs here state that a suit to confirm their tax title could be brought only after a mandamus issues to have tax deeds delivered.
¶ 15. Regardless of what might be discerned as the primary purpose of the suit, each claim is separately examined in light of the statute of limitations applicable to it.

2. Relevant Statutes of Limitations:

A. Mississippi Tort Claims Act

¶ 16. The Mississippi Torts Claim Act has partially waived sovereign immunity for suits against the State, its political subdivisions and governmental officials, in which money damages are sought for torts committed by such defendants. Miss.Code Ann. § 11-46-5 (Rev.2002). Chancery Clerk Taylor was an official of a political subdivision of the State who was acting in the course and scope of his employment. Id. at § 11—46—1(f) (Supp.2005) (“employee” under Act). The alleged tort by the chancery clerk occurred, at the very latest, when the first demand for the tax deeds was made. A suit for damages in tort arising from the chancery clerk’s alleged acts or omissions was not filed until well after the one-year limitations period ran. Miss.Code Ann. § 11-46-11 (Rev.2002).
¶ 17. Alexander and Newsome argue that equitable estoppel protects their claim from being barred by the one-year statute of limitations. In order for the doctrine of equitable estoppel to apply *997 here, there must have been inequitable or fraudulent conduct. Trosclair v. Miss. Dep’t. of Transp., 757 So.2d 178, 181 (Miss.2000). The plaintiffs argue that the chancery clerk did not timely respond to their demands for either a tax deed or reimbursement; no answer at all was given for an extended period of time; and the delay misled them. However, it is not alleged that at any stage the chancery clerk indicated he was going to have deeds executed or otherwise satisfy the plaintiffs’ demands. There is no factual basis on which even to begin an argument of fraudulent conduct. The plaintiffs did not exercise appropriate diligence in pursuing that part of their claim.
¶ 18. Tort claims against the chancery clerk and his bonding company are time-barred.

B. Obligation after redemption to reimburse purchaser at tax sale

¶ 19. The plaintiffs are correct that when these parcels were redeemed within the two-year period after the sale, the chancery clerk was to collect the amount of all taxes for which the land was sold, plus five percent of those taxes as damages, and interest. Miss.Code Ann. § 27-45-3 (Rev.2002). There is no dispute that these sums were collected. As already noted, there is a ten-year-running controversy because the chancery clerk did not also collect an amount to cover the ad valorem taxes that were due the year after the sale. That next year’s taxes were also paid by Alexander and Newsome prior to redemption. They demand reimbursement and interest. Since they did not receive the money, they demand tax deeds on the property.
¶20. There was statutory support for purchasers at tax sales to pay the next year’s taxes. Whether that support was knocked from beneath these plaintiffs pri- or to redemption is one of the issues in the case. At the time of the August 1994 tax sale, the relevant statutory language for the rights of the tax sale purchaser was this, the italicized part being repealed seven months later:
(1) The amount paid by the purchaser of land at any tax sale thereof for taxes, either state and county, levee or municipal, and five percentum on said amount, and interest on the amount paid by the purchaser at the rate of one percent per month, or any fractional part thereof, and all expenses of the sale and registration, and all sums paid for taxes on the land after its sale and purchase, and interest thereon at the rate of one percentum per month, or any fractional part thereof shall be a lien on the land in favor of the purchaser and the holder of the legal title under him, by descent or purchase, if the taxes for which the land was sold were due, although the sale was illegal on some other ground. The purchaser and the holder of the legal title under him by descent or purchase, may enforce the li'en by bill in chancery, and may obtain a decree for the sale of the land in default of payment of the amount within some short time to be fixed by the decree ....
Miss.Code Ann. § 27-45-27, as adopted 1932 Miss. Laws, ch. 286 (emphasis added).
¶21. When the 1995 amendment became effective, purchasers at tax sales lost the lien that they formerly would gain if they paid the taxes for the year subsequent to their purchase at a tax sale. Miss.Code Ann. § 27-45-27 (Rev.2002), as amended 1995 Miss. Laws ch. 468, § 16. The change was effective on March 27, 1995. 1995 Miss. Laws ch. 468, § 17. Also changed with the 1995 amendment was to increase the interest owed to 1.5 percent per month, and the five percent *998 assessment was eliminated. Miss.Code Ann. § 27-45-27 (Rev.2002).
¶ 22. The statute just quoted viewed the tax sale issue from the perspective of the purchaser. Another statute addressed the amount of the payment that had to be made by the owner who had lost his land at a tax sale if he desired to redeem his property. Previously, the prior owner needed to pay the amount of taxes for which the land was sold, plus five percent of those taxes as damages, pay all costs of the sale, pay “all taxes and costs that have accrued on the land since the sale,” and also pay one percent per month on all the taxes and sale costs. Miss.Code Ann. § 27-45-3, as adopted 1932 Miss. Laws, ch. 286. With a 1995 amendment, the former owner no longer had to pay to the chancery clerk the subsequent year’s taxes, and the monthly interest on the taxes due at the time of the sale was increased to 1.5 percent. Miss.Code Ann. § 27-45-3 (Rev.2002), as amended 1995 Miss. Laws ch. 468, § 15. This section also was effective with passage on March 27,1995. 1995 Miss. Laws ch. 468, § 17. Alexander and Newsome paid the 1994 taxes on August 9, 1995.
¶ 23. This statutory change seems odd, but the chancery clerk may have suggested the reason for it in his deposition. Since taxes for the year after the sale are not paid to the chancery clerk but instead are given to the county tax collector, the chancery clerk is not the primary official with knowledge that subsequent taxes need to be collected at the time of redemption. That may not have been the reason for the change, but it is evident that the amendment abolished the chancery clerk’s obligation to collect later-paid taxes and the tax-sale purchaser’s lien.
¶ 24. The plaintiffs, Alexander and Newsome, do not deny that they were reimbursed what they paid at the time of the initial sale and for the interest. Those initial taxes for 1993 are not factually in issue. As to the 1994 taxes, the lower court did not concern itself with whether the chancery clerk should have collected any additional funds for them. The court also did not find relevant the legal issue of whether the payments on the 1994 taxes remained a lien on the property until the money was paid. Instead, the court ruled that the one-year statute of limitations for tort suits against governmental actors barred this claim too.
¶25. What should have been collected at the time of the redemption and the effect of the failure to pay Alexander and Newsome for the 1994 taxes are not tort issues. This is a claim that a public official failed to comply with one of his statutory duties, namely, to pay a debt owed by operation of the tax sale statutes and specifically those regarding redemption. The clerk was to deposit the funds obtained from the redemption and out of that deposit, pay Alexander and Newsome. Miss.Code Ann. § 27-45-5 (Rev.2002). On the evidence presently, no reimbursement occurred for the payments Alexander and Newsome made for 1994 taxes on the property they bought due to unpaid 1993 taxes. Failure to make required payments constitutes “misfeasance in office” and permits a suit against the clerk on his official bond. Id. A broader statute makes the chancery clerk’s bond responsible to “cover all [the clerk’s] official acts, and all moneys which may come into his hands according to law or by order of the court or chancellor.” Miss.Code Ann. § 9-5-131 (Rev.2002).
¶ 26. The suit against the clerk for failing to reimburse the tax sale purchaser after redemption is a suit on the clerk’s bond for failure to comply with a statutory duty. There is no specific statute of limitations for a suit to enforce one of a public *999 official’s duties. We find relevant such precedents as one involving a claim by a purchaser, much like Alexander and New-some, who had bought a substantial number of tracts at a tax sale. Fiddle, Inc. v. Shannon, 834 So.2d 39 (Miss.2003). He later argued that due to his unilateral mistake, he had paid about $10,000 too much for the 113 parcels that he purchased that day. The Supreme Court said that the relevant statute of limitations on the claim against the county for reimbursement was the general three-year statute. Id. at 46-47. Another relevant precedent dealt with a claim by a sheriff after his elected term expired for unpaid salary and other entitlements. The Supreme Court declared that the general statute of limitations applied to the claim. Smith v. Copiah County, 232 Miss. 838, 844, 100 So.2d 614, 616 (1958). The 1958 case was decided long prior to the passage of the Mississippi Tort Claims Act, but Smith did not consider relevant the doctrine of sovereign immunity to which the Act creates exceptions. The Tort Claims Act would have been inapplicable in Smith and is here too.
¶ 27. Consistent with these precedents, we hold that the general limitations statute applies that requires suit to be brought within three-years of the claim. Miss.Code Ann. § 15-1-49 (Rev.2003). If the chancery clerk had an obligation to reimburse for the 1994 taxes, and we reach no conclusion as to that issue, the cause of action for failure to do so arose no later than the date that the payments to Alexander and Newsome were made and the absence of the remaining reimbursement became known. Redemption occurred no later than August 30, 1996, and the clerk paid Alexander and Newsome soon thereafter. Suit for the chancery clerk’s alleged failure to reimburse the plaintiffs for their payments at the tax sale had to be brought by the fall of 1999. That did not occur. This claim is also time-barred.

C. Mandamus for tax deeds

¶28. Finally, the plaintiffs seek deeds to the property that was purchased at the tax sale on the theory that the failure to collect for the 1994 taxes at the time of the redemption from the sale for 1993 taxes occurred was in effect no redemption at all. Perhaps within that issue as well is whether a lien for the 1994 taxes remains on the property, even if no tax deed must be executed.
¶29. Since in their characterization, this part of the litigation is a suit to recover land, plaintiffs allege that they had ten years in which to bring the action. Miss. Code Ann. § 15-1-7 (Rev.2003). We agree that if this were a suit to recover land or confirm their title, ten years is the appropriate time period. Had they received a tax title, the cause of action that Alexander and Newsome needed to pursue is a suit, unsurprisingly, under the statute for confirming tax title. Miss.Code Ann. § 11-17-1 (Rev.2004). To be joined in that suit is not the chancery clerk and his bonding company, but instead “all persons interested in the land” affected by the tax title. Id. The plaintiffs have not joined the present record fee simple title holders, the mortgagees, lessees, and others. Therefore, the issues of confirmation have not been joined in this litigation.
¶ 30. However, as Alexander and New-some themselves note, they have no formal evidence of tax title since the tax deeds were never executed to them. If in fact it is true that they could not without the tax deeds have brought a suit to confirm their tax title, then it is also true that the suit they have brought is not governed by a statute of limitations for suits in which title is the issue. For example, one statute controls the timing of suits when the tax sale purchaser has “actual occupation” of *1000 the land. Miss.Code Ann. § 15-1-15 (Rev. 2003). That is apparently not factually relevant here, but had it been, the statute requires suit to oust the tax sale purchaser within three years of the end of the period of redemption. If the tax sale purchaser gained good title at the time of the initial sale, and no valid redemption thereafter occurred, but the former owner and any grantees remained in possession, the limitation period for the purchaser to claim the land would be ten years. That is because the possession adverse to the tax title would need to continue for ten years. Miss.Code Ann. § 15-1-7 (Rev.2003). Alleged defects in the redemption, either in its actual occurrence or in the evidence of it, create other limitations issues.
¶ 31. Instead of being a suit to prove title, this part of Alexander and New-some’s action alleges that the chancery clerk failed to perform the ministerial act of executing the deeds to which they were entitled. Taking the plaintiffs’ legal assertions as true, executing the deed would not have been discretionary. Instead, the clerk would have been obligated to provide them tax deeds because he did not collect the extra year’s tax payments when redemption occurred. We have doubts that the former owners when redeeming, if they paid all that the chancery clerk required and received in return a release, would be at risk of losing title to their property because of this issue. We need not reach that point or remand for its consideration, because we resolve the issue on other grounds.
¶ 32. The remedy of mandamus which the plaintiffs here seek is a correct one when a tax deed is improperly withheld. Darby v. Hunt, 209 Miss. 738, 743, 48 So.2d 359, 361 (1950). In Darby, there was no effort to redeem. The reason tax deeds were not issued was because the list identifying the unredeemed land had not been given to the chancery clerk or recorded in the office of the chancery clerk, in part because of the expiration of the terms of the sheriff and tax collector who had been in office at the time of the sale. Id. The new clerk refused to issue a tax deed because no list of lands including the parcel in issue had been presented to him. The Supreme Court found that the absence of the list to be an irrelevancy and upheld the mandamus. Id.
¶ 33. Similar to our conclusion as to the issue of seeking reimbursement, the applicable statute of limitations to enforce through mandamus an official duty of executing a tax deed is three years. See ¶¶ 26-27. Alexander and Newsome waited too long after the 1996 redemption to bring their claim that the failure to collect all the money due them required the chancery clerk to deed the property.

Conclusion

¶ 34. The trial court determined that the entire suit was governed by the Mississippi Tort Claims Act and its one-year statute of limitations. We have disagreed, but we also hold that as to each claim, the different relevant statutes of limitation bar the suit.
¶ 35. THE JUDGMENT OF THE MARSHALL COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.