# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-CA-00968-SCT

*BOONEVILLE COLLISION REPAIR, INC.*

*v.*

*CITY OF BOONEVILLE, MISSISSIPPI, A MUNICIPALITY OF THE STATE OF MISSISSIPPI AND SHELIA G. BOLDEN*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/01/2013 |
| TRIAL JUDGE: | HON. JACQUELINE ESTES MASK |
| TRIAL COURT ATTORNEYS: | BILLY BRONSON TABLER |
| | MITCHELL ORVIS DRISKELL, III |
| COURT FROM WHICH APPEALED: | PRENTISS COUNTY CHANCERY COURT |
| ATTORNEY FOR APPELLANT: | B. BRONSON TABLER |
| ATTORNEY FOR APPELLEES: | MITCHELL O. DRISKELL, III |
| NATURE OF THE CASE: | CIVIL - TORTS-OTHER THAN PERSONAL INJURY & PROPERTY DAMAGE |
| DISPOSITION: | REVERSED AND REMANDED - 12/04/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., CHANDLER AND KING, JJ.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1.     When Booneville Collision Repair (BCR) unknowingly purchased land that had been sold for delinquent municipal taxes, it redeemed the land and sued Prentiss County, the City of Booneville, and the municipal tax collector, Sheila Bolden, for the damages incurred from the failure to provide notice of the tax sales. BCR argued that it had not received notice because Bolden never filed with the chancery clerk the list of properties sold for taxes as required by Mississippi Code Section 27-41-79. Miss. Code Ann. § 27-41-79 (Rev. 2010).

BCR alleged a negligence claim under the Mississippi Tort Claims Act (MTCA) and also argued that liability existed under Section 27-41-79, which provides that "[i]f the tax collector or clerk shall fail to perform the duties herein prescribed, he shall be liable to the party injured by such default . . . on his official bond for the actual damage sustained." *Id.* The chancellor granted the defendants' motions to dismiss for failure to state a claim. *See* M.R.C.P. 12(b)(6).

¶2. BCR appeals the dismissal of its claims against the City and Bolden, asserting that they may be found liable under the MTCA and under Section 27-41-79. We find that an action under Section 27-41-79 is a separate statutory action and not a tort action subject to the MTCA, and that BCR stated a claim under the statute. We further find that, while BCR's negligence claim is subject to the MTCA, no immunity exists. Therefore, we reverse the grant of the motions to dismiss and remand for further proceedings.

**FACTS**

¶3. According to BCR's second amended complaint, BCR is a corporation with its principal place of business and principal offices located in Mississippi. Shortly before April 1, 2011, BCR had a title abstract performed for a parcel of land it sought to purchase in Booneville to identify any liens, outstanding taxes, or clouds on the title. Through the title search, BCR identified approximately $65,000 in liens, clouds on the title, and outstanding taxes under PPIN 1859:

| | |
|---|---|
| 2008 City of Booneville Taxes; PPIN: 1859 | $3,230.18 |
| 2009 City of Booneville Taxes; PPIN: 1859 | $4,753.92 |
| 2010 City of Booneville Taxes; PPIN: 1859 | $8,287.24 |
| 2009 Prentiss County Taxes; PPIN: 1859 | $3,346.90 |
| 2010 Prentiss County Taxes; PPIN: 1859 | $6,098.26 |

| 2009 Personal Property Taxes | $19,822.89 |
| Judgment in favor of Unifirst Corp., Inc. | $17,374.03 |
| Lien in favor of MS State Tax Commission | $598.64 |
| Lien in favor of MS Employment Sec. Commission | $1,593.57 |

On April 1, 2011, BCR purchased the property from Fortis Plastics, LLC (Fortis), which had acquired the property in 2004. As a condition of closing, BCR demanded that Fortis pay all known outstanding taxes and judgments, and Fortis complied.

¶4. But, unknown to BCR, unpaid property taxes remained. On June 22, 2011, the City mailed BCR two (2) Notices to Lienors of Lands Sold for 2008 Delinquent Taxes. One of the notices revealed that a portion of the property had been designated for taxation purposes as PPIN 18886. This notice also showed that parcel 18886 had been sold on August 31, 2009, to Pine Hills Lands Company, Inc., for $267.19 in taxes due in 2008, and that the property could be redeemed through June 30, 2011. The second notice showed that another portion of the property had been designated as PPIN 18887 and was sold on August 31, 2009, to James L. Shipman for $5,154.27 in taxes due in 2008, and that the property could be redeemed through June 30, 2011.

¶5. When BCR learned of the unpaid 2008 taxes, it made additional inquiries to the City regarding the two newly discovered PPIN numbers. These inquiries revealed that the 2009 taxes for PPIN numbers 18886 and 18887 were also due, in amounts of $302.55 and $7,782.41, respectively, and that that PPIN 18886 had been sold to James L. Shipman for $302.55, and PPIN 18887 had been sold to ACC Tax Sale Properties, LLC, for $7,782.41. BCR further alleged that, as of August 22, 2011, the tax records for the City and Prentiss County showed the following:

3

(1) The City's tax records for PPIN 18886 for the years 2008-2009 showed that an exemption, good through [December] 2011, applied to the parcel.
(2) The City's tax records for PPIN 18887 for the years 2008-2009 showed that an exemption, good through [December] 2016, applied to the parcel.
(3) PPIN 900017 was created to replace PPIN 18886. It encompassed the 2008-09 tax years with a balance due of $3,475.67 rather than the previously identified amounts due of $262.14 and $302.55.
(4) PPIN 900018 was created to replace PPIN 18887. It encompassed the 2008-09 tax years with a balance due of $3,348.32 rather than the previously identified amounts due of $5,154.27 and $7,782.41.
(5) The Prentiss County Tax Records have "no such landroll receipt record on file" for either PPIN 18886 or 18887 for the tax year of 2009.

¶6.     On August 22, 2011, BCR filed a petition for a preliminary injunction and temporary restraining order to prevent the issuance of tax deeds and petition to confirm and quiet title. The chancery court denied injunctive relief. To prevent issuance of tax deeds for failure to pay the outstanding taxes, BCR redeemed the property by paying $5,571.09 to satisfy the 2008 taxes, and $9,394.67 to satisfy the 2009 taxes, including interest and penalties. Subsequently, BCR filed an amended petition to quiet title and a second amended petition to quiet and confirm title and for general damages and other relief against Fortis, the City, Bolden, and Prentiss County. The second amended petition alleged that BCR had provided the City with notice of claim under the MTCA.

¶7.     BCR alleged that the PPIN numbers that reflected the outstanding taxes had not been made a part of the public record or cross-referenced with PPIN 1859. BCR further alleged that, because the City and/or Prentiss County negligently failed to provide public notice of the 2008 and 2009 tax sales, BCR had been unable to discover those tax sales despite its diligent efforts to discover all liens upon the property in anticipation of closing. BCR argued

4

that, if the City had made the PPIN references and unpaid taxes a part of the public record, then BCR would have required Fortis to pay the taxes as a condition of closing. Because the City never made this information available, BCR was forced to pay the outstanding taxes to avoid the issuance of tax deeds. BCR prayed for a judgment in the amount of the outstanding taxes, plus interest, and a judgment quieting and confirming title in BCR in fee simple.

¶8.    The City and Bolden filed motions to dismiss under Mississippi Rule of Civil Procedure 12(b)(6). They argued that BCR's claims were subject to the MTCA, which provides immunity for claims that arise "out of the assessment or collection of any tax or fee." Miss. Code Ann. § 11-46-9(1)(i) (Rev. 2012). Bolden argued that she was in the course and scope of her employment at all times and that she was entitled to MTCA immunity. At the hearing on the motions to dismiss, BCR argued that, because Bolden had not filed the tax-sale list as required by Section 27-41-79, Bolden and the City were subject to liability under Mississippi Code Section 27-41-79, which provides that "[i]f the tax collector or clerk shall fail to perform the duties herein prescribed, he shall be liable to the party injured by such default . . . on his official bond for the actual damage sustained." Miss. Code Ann. § 27-41-79 (Rev. 2010). The chancery court granted the motions to dismiss, holding that (1) under *Boyle v. Matthews*, 196 Miss. 833, 18 So. 2d 156 (1944), the City and the tax collector owed BCR no duty under Section 27-41-79, and (2) the City and the tax collector are immune from suit on BCR's negligence claim because it arises from the assessment or collection of taxes. The chancery court entered a final judgment as to the City and Bolden under Mississippi Rule of Civil Procedure 54(b). From that ruling, BCR now appeals.

**STANDARD OF REVIEW**

5

¶9. This Court reviews the grant or denial of a motion to dismiss under a *de novo* standard. ***Scaggs v. GPCH-GP, Inc.***, 931 So. 2d 1274, 1275 (Miss. 2006). We take the allegations in the plaintiff's complaint as true, and the motion should be denied "unless it appears beyond doubt that the plaintiff will be unable to prove any set of facts in support of his claim." ***Id.***

**DISCUSSION**

**WHETHER BCR STATED A CLAIM UNDER WHICH RELIEF CAN BE GRANTED.**

    **I.    The issue of liability under Section 27-41-79 was placed in issue by consent.**

¶10. BCR filed its petition under the MTCA after having provided notice of claim to the defendants. *See* Miss. Code Ann. § 11-46-11 (Rev. 2012) (setting out notice-of-claim requirements under the MTCA). BCR's pleadings included no reference to liability under Section 27-41-79; BCR first raised the issue of Bolden's and the City's liability under Section 27-41-79 at the hearing on the motions to dismiss. The City and Bolden did not object to the injection of the issue in the case; rather, they requested additional time to brief the issue, and such briefing was submitted by both parties. And in its order granting the motions to dismiss, the trial court ruled on the applicability of Section 27-41-79.

¶11. These facts implicate Mississippi Rule of Civil Procedure 15(b), which provides that, "[w]hen issues not raised by the pleadings are tried by expressed or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." M.R.C.P. 15(b). In ***Weiss v. Weiss***, 579 So. 2d 539, 542-43 (Miss. 1991), this Court held that an issue, not pleaded, was tried by consent because the opposing party presented evidence

and argument on the issue and failed to object to its consideration. Here, the City and Bolden raised no objection to the issue and requested additional time for briefing; the parties thoroughly briefed the issue; and the trial court ruled on the issue. We find that the issue of the City's and Bolden's liability under Section 27-41-79 clearly was placed before the chancery court by the implied consent of the parties under Rule 15(b). *See **Favre Prop. Mgmt., LLC v. Cinque Bambini***, 863 So. 2d 1037, 1043 (Miss. Ct. App. 2004).

## II. Section 27-41-79 applies to municipal tax collectors.

¶12. BCR argues that Bolden and the City may be held liable under Section 27-41-79 for Bolden's failure to file the tax-sale list with the chancery clerk. Section 27-41-79 provides:

> The tax collector shall on or before the second Monday of May and on or before the second Monday of October of each year, transmit to the clerk of the chancery court of the county separate certified lists of the lands struck off by him to the state and that sold to individuals, specifying to whom assessed, the date of sale, the amount of taxes for which sale was made, and each item of cost incident thereto, and where sold to individuals, the name of the purchaser, such sale to be separately recorded by the clerk in a book kept by him for that purpose. Except as otherwise provided in Section 27-41-49, all such lists shall vest in the state or in the individual purchaser thereof a perfect title to the land sold for taxes, but without the right of possession for the period of and subject to the right of redemption; but a failure to transmit or record a list or a defective list shall not affect or render the title void. *If the tax collector or clerk shall fail to perform the duties herein prescribed, he shall be liable to the party injured by such default in the penal sum of Twenty-five Dollars ($25.00), and also on his official bond for the actual damage sustained. The lists hereinabove provided shall, when filed with the clerk, be notice to all persons in the same manner as are deeds when filed for record.* The lists of lands hereinabove referred to shall be filed by the tax collector in May for sales made in April and in October for sales made in September, respectively.

Miss. Code Ann. § 27-41-79 (Rev. 2010) (emphasis added).

¶13. This case deals with municipal ad valorem taxes. But Chapter 41, in which Section 27-41-79 appears, prescribes ad valorem tax collection procedures for counties and the state.

7

A separate statute, Section 21-33-63, specifically applies to municipal tax sales. Section 21-33-63 contains similar language requiring a municipal tax collector to file the tax-sale list with the chancery clerk, stating:

> Sales for the nonpayment of municipal taxes, both ad valorem and for special improvements, shall be made by the tax collector at such place, within the corporate limits, as the governing authorities may direct. The sale of real estate for ad valorem taxes and special improvement assessments and sale of personal property shall be made upon the same notice, at the same time, and in the same manner as provided by law for sales of like property for unpaid state and county taxes.
>
> *The lists of lands sold for taxes by the municipality shall be made as required to be made by the state and county collector, and shall be filed with the municipal clerk within twenty days after the tax sale, and shall there remain, subject to redemption for the same length of time and in the same manner as prescribed for the redemption of lands sold for state and county taxes, with the same saving to infants and persons of unsound mind. Said lists shall have the same force and effect, and confer the same right and entitle the purchasers to the same remedies, as lists made for delinquent taxes by the state and county tax collector.* Such title shall be subservient, however, to a title acquired under a sale for state and county taxes.
>
> *One copy of the list of land so sold shall be filed within thirty days of such sale with the chancery clerk of the county in which said municipality is located, and the chancery clerk shall file and index said list among the land records of his county, as other tax sales are listed.* However, the failure of the clerk so to file such list as herein prescribed shall not affect the validity of such tax sale.

Miss. Code Ann. § 21-33-63 (Rev. 2007) (emphasis added).

¶14.    Unlike Section 27-41-79, Section 21-33-63 does not state that a municipal tax collector is liable for a failure to file the tax-sale list. Nonetheless, there is no doubt that the liability provision in Section 21-41-79 applies to municipal tax collectors. This is because Section 27-41-5 specifically states that "[t]he provisions of [Chapter 41] shall apply to all municipalities in the State of Mississippi." Miss. Code Ann. § 27-41-5 (Rev. 2010). And Section 21-33-53, which prescribes the duties of the municipal tax collector, states that "[t]he

8

tax collector shall collect municipal taxes during the time and in the same manner and under the same penalties as the state and county taxes are collected." Miss. Code Ann. § 21-33-53 (Rev. 2007). This Court has held that "statutes on the same subject, although in apparent conflict, should if possible be construed in harmony with each other to give effect to each." *Tunica County v. Hampton Co. Nat'l Sur., LLCIB*, 27 So. 3d 1128, 1134 (Miss. 2009). Reading the statutes harmoniously, and giving effect to Section 27-41-5 and Section 21-33-53, Section 27-41-79's provision of liability for a tax collector who fails to properly file the tax-sale list is applicable to municipal tax collectors in addition to those duties imposed by Section 21-33-63.

### III. *Boyle v. Matthews* does not preclude BCR's recovery under Section 27-41-79.

¶15. The City and Bolden argue, and the trial court held, that, under *Boyle v. Matthews*, 196 Miss. 833, 18 So. 2d 156 (1944), the tax collector owed no duty to BCR under Section 27-41-79. We find that the trial court misinterpreted *Boyle*. In that case, the owner of a lot paid the taxes he owed for 1937. *Boyle*, 18 So. 2d at 157. Although no taxes were due, Matthews, the tax collector, erroneously sold the property at a tax sale in 1938 to cover delinquent taxes for 1937. *Id.* Seward purchased the lot at the tax sale. *Id.* Per the statutory requirements of Section 3256, Code 1930, the predecessor to Section 27-41-79, Matthews transmitted a list of lands sold at the tax sale to the chancery clerk and certified that the delinquent taxes for 1937 had prompted him to sell the lot to Seward. *Id.*

¶16. Later, Boyle sought to purchase the lot from Seward. *Id.* Boyle waited for the redemption period to expire, then paid $150 for the lot and spent $200.50 improving the lot.

9

*Id.* Shortly thereafter, Boyle discovered that the original owner actually had paid the taxes for 1937, meaning that Boyle had obtained no title through the tax sale. *Id.* So Boyle sued the tax collector on his bond for the $150 paid for the lot and the $200.50 spent on improvements. *Id.* After the trial court denied Boyle recovery, he appealed to this Court. *Id.*

¶17. Boyle argued that the tax collector was liable under the provision in Section 3256, Code 1930, which stated that "if the sheriff or clerk shall fail to perform the duties herein prescribed, he shall be liable to the party injured by such default in the penal sum of twenty-five dollars, and also on his bond for the actual damages sustained." *Id.* But the Court succinctly noted that this statute was inapplicable because there had been no error in transmitting the tax-sale list showing that the land had been sold; instead, "the negligence was in the sale of the land when the taxes on it had been paid." *Id.*

¶18. Matthews also argued that another statute, Section 9925, Code 1942, the predecessor to Section 27-41-63, should govern the case. *Id.* That statute stated "[i]f a tax collector sells any land after he shall have received the taxes due thereon, he shall refund to the purchaser the money paid and such sale shall be void." The Court found that Section 9925, Code 1942, allows only the immediate tax purchaser and the owner to recover in the event of an erroneous tax sale. *Id.* The Court found that this statute was inapplicable, because Seward was neither the immediate tax purchaser nor the owner. *Id.*

¶19. In the absence of an applicable statute, the Court recited and applied the following common-law rule:

> When the duty imposed upon an officer is one solely to the public, the failure to perform it, or an erroneous or negligent performance, is regarded as an injury to the public and not to an individual member of the public; and an

10

individual harmed thereby may not have redress against the officer unless the individual had in it such a direct and distinctive interest as to set him apart from all others of the public in respect to it, and the fact of the injury does not in itself serve to make out the direct and distinctive interest which is essential.

*Id.* at 158. The Court held that no statute applied and, under the common-law rule, the tax collector had no liability to Boyle, stating:

> When the tax collector made out and filed the certified list of lands sold to individuals, he was performing a duty solely for the public, and no individual member of the public had any interest therein apart from all others of the public, save those whose lands were sold, and the immediate purchasers thereof. Appellants had no individual interest therein which was in any way different or distinct from that of others of the public; and the fact that appellants afterwards examined the list, as all others could do, and acted on it to their injury does not take them out of the rule, for, if so, the rule itself would disappear.

*Id.* The Court noted that statutes had been enacted in other states providing a remedy for one in Boyle's situation who is without a remedy under the common-law rule. *Id.*

¶20.    In its order granting the motions to dismiss, the trial court interpreted *Boyle* to have held that the tax collector's liability under Section 27-41-79 extended only to the immediate tax purchaser and the owner. This was erroneous, because *Boyle* did not limit liability under Section 27-41-79 to the immediate tax purchaser and owner. In *Boyle*, the Court held that, because the tax collector had not violated the tax-sale list procedures under Section 27-41-79, that statute was inapplicable to the facts. In the absence of an applicable statute, the Court applied the common-law rule and held that a remote tax-sale purchaser has no remedy against a tax collector who erroneously sold the land when the taxes on it had been paid, because under the common-law rule, only the owner and immediate tax-sale purchaser can recover. Because *Boyle* relied on the common law, *Boyle* did not change or limit the persons who may

11

sue under Section 27-41-79 in any way. Section 27-41-79 plainly states that the tax collector "shall be liable to any party injured." We find that BCR is an intended claimant under Section 27-41-79 and that the trial court's contrary decision was erroneous. Because BCR stated a claim under Section 27-41-79, the trial court erred by dismissing this claim.

### IV. The City and Bolden do not enjoy immunity under the MTCA.

¶21. The City and Bolden argue that they enjoy immunity from BCR's claims under the MTCA. First, they argue that an action under Section 27-41-79 is precluded by the MTCA. Second, they argue that they are immune from liability for failure to file the tax-sale list because Section 11-46-9(1)(i) provides immunity for any claim "arising out of the assessment or collection of any tax or fee." We separately address each argument.

#### A. An action under Section 27-41-79 is not a tort action subject to the MTCA.

¶22. The MTCA states that "[t]he remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee . . . notwithstanding the provisions of any other law to the contrary." Miss. Code Ann. § 11-46-7(1) (Rev. 2012). Certainly, the MTCA is the exclusive remedy for all tort actions against governmental entities. *Watkins ex rel. Watkins v. Miss. Dep't of Human Servs.*, 132 So. 3d 1037, 1042 (Miss. 2014). As explained in *Alexander v. Taylor*, 928 So. 2d 992, 996 (Miss. Ct. App. 2006), before the MTCA, other statutes existed that established various types of claims against governmental entities. Now, all tort suits against governmental entities must be brought under the provisions of the MTCA. *Id.* But, as *Alexander* recognized, "other statutes

12

remain for actions that are not in tort." *Id.*

¶23. *Alexander* involved strikingly similar issues to the instant case. In that case, property was purchased at a 1994 tax sale by paying the delinquent taxes for 1993. *Id.* at 994. In 1995, before the expiration of the two-year redemption period, the tax-sale purchasers paid the 1994 ad valorem taxes for the property they had purchased the previous year. *Id.* Later, the owner redeemed the property by paying the delinquent 1993 taxes. *Id.* But the chancery clerk failed additionally to collect from the owner the 1994 taxes that had been paid by the tax-sale purchasers and to reimburse them that amount. *Id.* The tax-sale purchasers sued the chancery clerk for reimbursement of the 1994 taxes and other expenditures and also asserted negligence claims against the clerk. *Id.* at 995. The trial court found that all the claims were subject to the one-year statute of limitations provided by the MTCA. *Id.*

¶24. The Court of Appeals disagreed. The Court of Appeals held that, because all tort claims against governmental entities are subject to the MTCA, the negligence claims were covered by the MTCA and were properly dismissed under its one-year statute of limitations. *Id.* at 997. But the Court of Appeals recognized that the tax-sale purchasers also proceeded under Mississippi Code Section 27-45-5. *Id.* at 998. That statute sets out the chancery clerk's duty to collect tax-sale redemption funds, and provides that,

> [i]f such clerk shall neglect, refuse or fail to deposit such funds received by him as herein provided, he shall be guilty of misfeasance in office, and in addition thereto shall be liable on his official bond to any person injured by his failure to deposit such funds in the county depository as herein provided.

Miss. Code Ann. § 27-45-5 (Rev. 2010). The Court of Appeals found that the suit under Section 27-45-5 was "a claim that a public official failed to comply with one of his statutory

13

duties, namely, to pay a debt owed by operation of the tax sale statutes and specifically those regarding redemption." *Alexander*, 928 So. 2d at 998. The Court of Appeals held that the allegation that the clerk had failed to reimburse the tax-sale purchasers, in derogation of his statutory duties, was not a tort issue, and that Section 27-45-5 permitted a suit against the clerk on his official bond that could be brought within the general three-year statute of limitations. *Id.* at 998-99.

¶25.    As in *Alexander*, the instant lawsuit alleged two theories of liability, one in negligence, and one against the tax collector for the failure to perform a statutory duty. Accordingly, this Court finds that BCR's negligence action is governed by the MTCA, but its suit based on Section 27-41-79 is a separate claim not subject to the MTCA. Section 27-41-79 provides that "[i]f the tax collector or clerk shall fail to perform the duties herein prescribed, he shall be liable to the party injured by such default . . . on his official bond for the actual damage sustained." Miss. Code Ann. § 27-41-79 (Rev. 2010). BCR's claim that the tax collector failed to file the tax-sale list as required by Section 27-41-79 is based on the tax collector's failure to perform her official duty to file the tax-sale list and, as in *Alexander*, is a suit for failure to comply with a statutory duty. Because it is not a tort claim, it is not governed by the MTCA.

¶26.    The City and Bolden also argue that BCR is precluded from arguing that the MTCA does not apply to its claims because BCR brought the claims under the MTCA and states in its brief that "Appellant agrees that its claims are governed by the MTCA." They contend that BCR is judicially estopped from arguing that the MTCA does not apply. "Judicial estoppel precludes a party from asserting a position, benefitting from that position, and then,

14

when it becomes more convenient or profitable, retreating from that position later in the litigation." ***Johnson v. Parker Tractor & Implement Co., Inc.***, 132 So. 3d 1032, 1037 (Miss. 2014) (quoting ***Dockins v. Allred***, 849 So. 2d 151, 155 (Miss. 2003)). Essential to a finding of judicial estoppel is that the estopped party must have benefitted from the inconsistent position earlier in the litigation. ***Johnson***, 132 So. 3d at 1037. Here, BCR did not benefit from its position that the action was governed by the MTCA; also, BCR has consistently argued that Section 27-41-79 applies and provides a remedy. This Court holds that BCR is not judicially estopped from arguing a remedy under Section 27-41-79.

> B. *Section 11-46-9(1)(i) of the MTCA does not provide the City and Bolden with immunity from suit on BCR's negligence claim.*

¶27. The City and Bolden assert immunity from BCR's negligence action under Section 11-46-9(1)(i) of the MTCA. Section 11-46-9(1)(i) states:

> (1) A governmental entity and its employees acting within the course and scope of their employment or duties shall not be liable for any claim:
>
> (i) arising out of the assessment or collection of any tax or fee;
>
> . . . .

Miss. Code Ann. § 11-46-9(1)(i) (Rev. 2012). The City and Bolden argue that the tax collector's filing of the tax-sale list with the chancery clerk's office is an action arising out of the assessment or collection of taxes because creating tax records is an official duty related to municipal tax assessment or collection. They point out that Section 27-41-79 is part of an overall statutory scheme for the collection of ad valorem taxes and contend that the tax collector's tax-sale reporting requirement is "integral to the process of assessing and

15

collecting taxes." Therefore, they contend, the tax collector's failure to file the tax-sale list arises out of the assessment or collection of taxes.

¶28.    The City and Bolden admit that this Court has not directly addressed immunity for claims "arising out of the assessment or collection of any tax or fee." They urge this Court to follow federal precedent construing an identical immunity provision under the Federal Tort Claims Act (FTCA). But they cite no FTCA case that is factually similar to this case. Finding no guidance in the cases cited by the City and Bolden, we turn to the acts alleged to be negligent and determine that they do not arise out of the assessment or collection of taxes.

¶29.    BCR's negligence claim rests on the tax collector's failure to file the tax-sale list with the chancery clerk. Section 27-41-79 illuminates the purpose for the requirement that the tax collector file the tax-sale list. It states that the tax-sale list, "when filed with the clerk, [will] be notice to all persons in the same manner as are deeds when filed for record." Miss. Code Ann. § 27-41-79 (Rev. 2010). Thus, the overarching purpose behind the duty to file the tax-sale list is to provide notice. The reason the tax collector must file the tax-sale list with the clerk of the chancery court is to provide notice to the public of land transfers and to assure the correctness of the chancery clerk's land records. This distinctive purpose of providing notice is completely unrelated to the assessment and collection of taxes. Accurate land records are vital to the proper functioning of government, and the tax collector's statutory duty to file the tax-sale list implicates the government's strong interest in assuring accurate land-sale records.[1] Further, because the tax-sale list is filed once tax assessment and

---

[1] This case is distinguishable from the case cited by the dissent, which holds that a lawsuit challenging the Internal Revenue Service's denial of a right to redeem property

16

collection is complete, the act of filing the list is attenuated from the assessment and collection of taxes. Because the overarching purpose of filing the tax-sale list is to provide notice, we find that the tax collector's failure to file the tax-sale list does not arise "out of the assessment or collection of any tax or fee" under Section 11-46-9(1)(i).

¶30.    Although not raised by the parties, we address whether immunity exists under Section 11-46-9(1)(d), which provides immunity for claims "[b]ased upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of a governmental entity or employee thereof, whether or not the discretion be abused." Miss. Code Ann. § 11-46-9(1)(d) (Rev. 2012).The MTCA provides no exception to immunity for ministerial actions. *Little v. Miss. Dep't of Transp.*,129 So. 3d 132, 136 (Miss. 2013). "[A] duty is ministerial if it is positively imposed by law and required to be performed at a specific time and place, removing an officer's or entity's choice or judgment." *Watkins ex rel. Watkins v. Miss. Dep't of Human Servs.*, 132 So. 3d 1037, 1043 (Miss. 2014) (quoting *Miss. Transp. Comm'n v. Montgomery*, 80 So. 3d 789, 795 (Miss. 2012)).

¶31.    This Court held in *Little v. Mississippi Department of Transportation*,129 So. 3d 132, 136 (Miss. 2013), that "[t]he language of Section 11-46-9(1)(d) requires us to look at the function performed—not the acts that are committed in furtherance of that function—to determine whether immunity exists." We further held that "where a statute mandates the government or its employees to act, all acts fulfilling that duty are considered mandated as

---

purchased by the United States at a tax sale arises out of the assessment and collection of taxes. *Murray v. U.S.*, 686 F.2d 1320, 1324 (8th Cir. 1982). An individual's right to redeem property sold at a tax sale can be seen as integrally related to the assessment and collection of taxes in a way that providing public notice of land transfers cannot.

well, and neither the government nor its employees enjoys immunity." *Id.* (quoting *Montgomery*, 80 So. 3d at 798). Plainly, Section 27-41-79 mandates the tax collector to act; the statute positively imposes upon the tax collector the duty to file the tax-sale list with the chancery clerk. Miss. Code Ann. § 27-41-79 (Rev. 2010). There is no element of choice or judgment. Therefore, the duty is ministerial, and the MTCA affords no immunity.

## CONCLUSION

¶32. This Court holds that an action under Section 27-41-79 is not a tort action subject to the MTCA, but a separate statutory action, and that BCR stated a claim under the statute. We further find that the MTCA does not afford the City and Bolden immunity from suit on BCR's negligence claim. We reverse the grant of the motions to dismiss and remand the case for further proceedings.

¶33. **REVERSED AND REMANDED.**

**WALLER, C.J., RANDOLPH, P.J., KITCHENS AND KING, JJ., CONCUR. LAMAR, J., CONCURS IN PART AND DISSENTS IN PART WITH SEPARATE WRITTEN OPINION JOINED BY PIERCE AND COLEMAN, JJ. DICKINSON, P.J., NOT PARTICIPATING.**

**LAMAR, JUSTICE, CONCURRING IN PART AND DISSENTING IN PART:**

¶34. I agree with the majority that BCR can maintain its statutory action, but I find that BCR's negligence claims are barred by the Mississippi Tort Claims ACT (MTCA).

¶35. The MTCA bars negligence actions against governmental entities and their employees (acting within the course and scope of their employment) for any claim "arising out of the assessment or collection of any tax or fee." Miss. Code Ann. § 11-46-9(1)(i) (Rev. 2012). "Arising out of" is exceptionally broad language, which I interpret to include claims which

18

occur as a result of the assessment or collection of taxes. The majority finds that the act of filing the tax list is "attenuated from the assessment and collection of taxes," and that the "purpose behind the duty to file the tax sale list is to provide notice." While those two statements might very well be true, the simple fact is that the tax assessor would not have been performing any post-sale duties if not for his duty to assess and collect taxes against the property at issue in the first place. Stated differently, BCR's negligence claims here "arise out of" the assessment or collection of a tax, and I would find that they cannot maintain their negligence claims.

¶36.    In *Murray v. U.S.*, 686 F.2d 1320 (8th Cir. 1982), the United States Court of Appeals for the Eighth Circuit rejected a narrow construction of the federal tax-assessment exception:[2]

> Appellant proposes a narrow construction of the exception, arguing that tax collection efforts were complete when the property was conveyed to the United States at the tax sale for the statutorily calculated minimum bid. He points out that he has not challenged as improper the IRS's assessment of taxes against the Fireside, Inc. He thus urges the conclusion that this lawsuit arises from rights which postdate the government's collection efforts. Allegedly, his legal action will not interfere with these efforts.
> . . .
> We [cannot] agree that appellant's claim arises outside of "the assessment or collection of taxes" for purposes of the exception to FTCA jurisdiction. When at a tax sale property is adjudicated to the government at the statutory minimum price, *see* 26 U.S.C. 6335(e)(1), the government in effect becomes the purchaser subject to the statutory right of redemption. 26 U.S.C. 6337(b)(1). *Capital Savings Association v. Runnels*, 361 So. 2d 458, 462 (La. Ct. App. 1978). The right of redemption arises only in connection with the tax levy, and is an integral facet of such a levy. A claim founded on redemption rights is clearly a claim "arising in respect of the collection of a tax" within the meaning of Section 2680(c).

---

[2]The federal tax-assessment exception contains language virtually identical to Mississippi's: "Any claim arising in respect of the assessment or collection of any tax or customs duty . . . . " 28 U.S.C. § 2680(c) (2012).

*Murray*, 686 F.2d at 1323-24.  I would apply the same rationale here – BCR alleges that the tax assessor was negligent in her post-tax-sale duties, but even actions that occur post-sale clearly have their origin in or "arise out of" the initial tax assessment and/or collection.  I therefore concur with the majority that BCR may proceed on its statutory claim, but I would find its negligence claims barred by the MTCA.

**PIERCE AND COLEMAN, JJ., JOIN THIS OPINION.**