# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 15-60875
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 8, 2016

Lyle W. Cayce
Clerk

JAMES EARL ALEXANDER,

>    Plaintiff - Appellant

v.

STATE OF MISSISSIPPI; KEVIN RAYBORN, Board of Supervisors and (Chanceries) of Lawrence County; DAVID EARL JOHNSON, Board of Supervisors and (Chanceries) of Pearl River County; DELORES FRYE, Board of Supervisors and (Chanceries) of Jefferson County; EDDIE JEAN CARR, Board of Supervisors and (Chanceries) of Hinds County; RONNY LOTT, Board of Supervisors and (Chanceries) of Madison County; LARRY SWALES, Board of Supervisors and (Chanceries) of Rankin County; STEVE AMOS, Board of Supervisors and (Chanceries) of Copiah County; WAYNE SMITH, Board of Supervisors and (Chanceries) of Lamar County; CHUCK THOMAS, Board of Supervisors and (Chanceries) of Marshall County; TILLMON BISHOP, Board of Supervisors and (Chanceries) of Lincoln County; MIKE JINKS, City Council and (City Clerk) of the City of Brookhaven; JIM HOOD, Attorney General, State of Mississippi; LAWRENCE COUNTY, MISSISSIPPI BOARD OF SUPERVISORS; PEARL RIVER COUNTY, MISSISSIPPI BOARD OF SUPERVISORS; JEFFERSON COUNTY, MISSISSIPPI BOARD OF SUPERVISORS; HINDS COUNTY, MISSISSIPPI BOARD OF SUPERVISORS; MADISON COUNTY, MISSISSIPPI BOARD OF SUPERVISORS; RANKIN COUNTY, MISSISSIPPI BOARD OF SUPERVISORS; COPIAH COUNTY, MISSISSIPPI BOARD OF SUPERVISORS; LAMAR COUNTY, MISSISSIPPI BOARD OF SUPERVISORS; LINCOLN COUNTY, MISSISSIPPI BOARD OF SUPERVISORS; LINCOLN COUNTY, MISSISSIPPI CITY COUNCIL; MARSHALL COUNTY, MISSISSIPPI BOARD OF SUPERVISORS,

>    Defendants - Appellees

No. 15-60875

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:15-CV-129

Before KING, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:*

Plaintiff-Appellant James Earl Alexander appeals the district court's grant of the Defendants-Appellees' motions to dismiss and for judgment on the pleadings and the district court's denial of his motion for relief.

Alexander, proceeding pro se, claims that the chancery clerks of various Mississippi counties refused to give him the property deeds for land that he bought through tax sales. Alexander sued the state of Mississippi and various counties and clerks (collectively, "Defendants") in federal court, asserting that the clerks' refusals violated state law and the Equal Protection Clause of the Fourteenth Amendment. Defendants moved to dismiss for failure to state a claim and for judgment on the pleadings. Alexander then filed a "motion for relief" that asserted violations of the Equal Protection Clause, 42 U.S.C. § 1982, and the Due Process Clause.[1]

The district court construed Alexander's "motion for relief" as a motion to amend his complaint, but denied the motion as futile because Alexander failed to state a plausible federal claim. The district court granted Defendants'

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Alexander asserted due process claims arising from: (1) the clerks' refusals to grant the land deeds; (2) a judge's refusal to comply with a state appellate court ruling; and (3) a state judge's barring him from suing with regard to certain land parcels and a state court's dismissal of his appeal of this ruling.

2

No. 15-60875

motions, declined to exercise supplemental jurisdiction over Alexander's state law claims, and dismissed the case. Alexander appealed.

## Standard of Review

We review a district court's rulings on a Rule 12(b)(6) motion to dismiss and a Rule 12(c) motion for judgment on the pleadings de novo, applying the same standard as the district court. *Gentilello v. Rege*, 627 F.3d 540, 543-44 (5th Cir. 2010). "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief." *Id.* We review a district court's denial of a motion to amend and its decision over whether to exercise supplemental jurisdiction for abuse of discretion. *Powers v. United States*, 783 F.3d 570, 576 (5th Cir. 2015); *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013).

## Discussion

Alexander argues that the district court erred by granting Defendants' motions to dismiss and for judgment on the pleadings and by denying his motion for relief.

The district court rightly granted Defendants' motions because Alexander's sole federal equal protection claim is without merit. To state an equal protection claim, the plaintiff must allege, among other things, that he has been intentionally treated differently from other similarly situated individuals. *Gibson v. Tex. Dep't of Ins.*, 700 F.3d 227, 238 (5th Cir. 2012). Alexander fails to make such an allegation; his complaint is devoid of any allegations that he was treated differently from others similarly situated. Accordingly, he has failed to state an equal protection claim. *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004).

The district court also properly denied Alexander's motion for relief as a futile motion to amend his complaint. Denying a motion to amend is not an abuse of discretion when the amendment fails to state a claim. *Stripling v.*

3

No. 15-60875

*Jordan Prod. Co.*, 234 F.3d 863, 872-73 (5th Cir. 2000). Alexander fails to state an equal protection, § 1982, or due process claim. Again, even in his motion for relief, he fails to allege that the clerks treated him differently from other similarly situated persons. *See Priester*, 354 F.3d at 424. Alexander fails to state a § 1982 claim because he does not allege intentional discrimination. *See Vaughner v. Pulito*, 804 F.2d 873, 877 (5th Cir. 1986) ("A cause of action based upon section 1982 . . . requires an intentional act of racial discrimination."). And he fails to state a due process claim because he challenges state employees' actions, and Mississippi law provides adequate post-deprivation remedies—either a suit under Miss. Code Ann. § 25-45-1 against the clerk for misfeasance in office or a bill of chancery under Miss. Code Ann. § 27-45-27 to enforce the lien acquired through the tax sale.[2] *See Holloway v. Walker*, 784 F.2d 1287, 1291-92 (5th Cir. 1986) (holding that an adequate post-deprivation state remedy satisfies due process when a plaintiff challenges unauthorized conduct by state employees, rather than established state procedure).[3]

Finally, the district court did not abuse its discretion when, after dismissing all of Alexander's federal claims, it declined to exercise supplemental jurisdiction over his state law claims. "District courts enjoy wide discretion in determining whether to retain supplemental jurisdiction over a state claim once all federal claims are dismissed." *Noble v. White*, 996 F.2d 797,

---

[2] As to Alexander's due process claim arising from a state judge's alleged refusal to comply with a state court judgment, the plaintiff can seek a writ of mandamus in the state court of appeals. *See Moye v. Clerk, DeKalb Cnty. Superior Court*, 474 F.2d 1275, 1276 (5th Cir. 1973) ("[A] federal court lacks the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties.").

[3] As to Alexander's due process claim arising from a state court's barring him from suit, the district court properly concluded it lacked jurisdiction under the *Rooker-Feldman* doctrine, which dictates that federal district courts do not have power to review state court final judgments. *See Hale v. Harney*, 786 F.2d 688, 691 (5th Cir. 1986) (noting that plaintiffs cannot circumvent the *Rooker-Feldman* doctrine by casting complaints about state court judgments "in the form of civil rights suits"); *Dist. of Columbia Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923).

No. 15-60875

799 (5th Cir. 1993); *see Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) ("The general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all federal-law claims are eliminated before trial."). The district court thus acted within its broad discretion when it declined jurisdiction.

## Conclusion

For the foregoing reasons, the judgment of the district court is AFFIRMED.

5