# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-01370-COA

JAMES ALEXANDER                                                                  APPELLANT

v.

LAWRENCE COUNTY, MISSISSIPPI AND                                   APPELLEES
KEVIN RAYBORN, LAWRENCE COUNTY
CHANCERY CLERK

DATE OF JUDGMENT:            07/30/2019
TRIAL JUDGE:                        HON. DAVID SHOEMAKE
COURT FROM WHICH APPEALED:   LAWRENCE COUNTY CHANCERY
                                            COURT
ATTORNEY FOR APPELLANT:      JAMES ALEXANDER (PRO SE)
ATTORNEY FOR APPELLEES:      JOHN D. SUTTON
NATURE OF THE CASE:          CIVIL - OTHER
DISPOSITION:                 APPEAL DISMISSED - 10/27/2020
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

### BEFORE WILSON, P.J., WESTBROOKS AND McCARTY, JJ.

### McCARTY, J., FOR THE COURT:

¶1.     James Alexander filed suit against the State of Mississippi and a chancery clerk.  He claimed that the chancery clerk had perpetuated "ongoing civil rights violations" against him and had committed "malfeasance in office" by refusing to tender deeds to him for property he alleged he was entitled.  The trial court found that his pleading failed to state a claim and that his claims were also time-barred.  Because Alexander did not timely file his notice of appeal, we dismiss.

## PROCEDURAL BACKGROUND

¶2.     Although the case triggering this appeal was not filed in state court until 2019, in

many ways it began decades ago. In 2001, Alexander and a partner sued Marshall County to recover land they had allegedly redeemed via various methods, including tax payments, throughout the 1990s. *Alexander v. Taylor*, 928 So. 2d 992, 995 (¶6) (Miss. Ct. App. 2006). After a full review of all Alexander's claims, we held that all were time barred. *Id*. at 1000 (¶34).

¶3.     Our ruling in 2006 did not halt Alexander's journey to recover on similar theories. He filed a federal lawsuit in 2014 against the State of Mississippi and the Boards of Supervisors and Chancery Clerks of Lawrence, Pearl River, Jefferson, Hinds, Madison, Rankin, Copiah, Lamar, Marshall, and Lincoln Counties. In general, he claimed that he was deprived of his rights under color of law.

¶4.     As District Judge Tom Lee summarized it, Alexander "allege[d] that over a period of approximately twenty-five years, he purchased land through tax sales in these various counties throughout Mississippi, and yet following the tax sales and subsequent statutory two-year waiting period, the chancery clerks in these counties have systematically and continuously refused to provide him the property deeds" even though he believed he was owed them under State law. *Alexander v. Mississippi*, No. 3:15CV129TSL-RHW, 2015 WL 7289503, at *1 (S.D. Miss. Nov. 17, 2015). In his complaint in federal court, Alexander sought the "release of all applicable deeds . . . and payment of damages in the amount of $20,000,000."

¶5.     The district court found that he "ha[d] not articulated any factual basis to support any federal claim for relief" and dismissed the federal claims with prejudice. *Id*. at *6. To the

extent Alexander had any claims based on state law, the district court found that it "ought to decline jurisdiction over Alexander's remaining claims for violation of state law" and dismissed those claims "without prejudice." *Id*. at *7.

¶6.    The Fifth Circuit Court of Appeals affirmed. *Alexander v. Mississippi*, 655 F. App'x 989, 992-93 (5th Cir. 2016) (unpublished).  That court ruled, "The district court rightly granted Defendants' motions because Alexander's sole federal equal protection claim is without merit." *Id*. at 992.  The Fifth Circuit also concluded that "the district court did not abuse its discretion when, after dismissing all of Alexander's federal claims, it declined to exercise supplemental jurisdiction over his state law claims." *Id*. at 992-93.

¶7.    Any claims Alexander had against Lawrence County lay dormant until 2019, when he filed the lawsuit giving rise to this appeal.  The lawsuit commenced as a series of complaints against the Chancery Clerk of Lawrence County.  Alexander claimed he would pay delinquent taxes on unspecified land and then attempt to redeem the property as his own, and he would pay property taxes on the land he believed he redeemed.  However, he alleged the chancery clerk would not tender the property deeds to him and would provide various excuses as to why.

¶8.    The Lawrence County Chancery Clerk sought dismissal on the grounds that the suit failed to state a claim and was time-barred.  The trial court conducted a hearing where Mr. Alexander represented himself.  He admitted that he did not file a written response to the motion to dismiss and did not file an affidavit that set forth any additional facts or information to his complaint.

3

¶9.     From the Bench, the trial court ruled that the plaintiff had "not stated a valid cause of action on any theory." Due to the vagueness of the complaint as to when any alleged actions occurred, save for the reference to December 2014, the trial court found that the applicable three-year statute of limitations had passed.

¶10.    Alexander attempted to take an appeal, and the Supreme Court assigned the case to us.

## DISCUSSION

¶11.    Alexander presents eight assignments of error. Before proceeding to his arguments, we *sua sponte* address our jurisdiction to review his appeal. "Regardless of whether the parties raise jurisdiction, the Court is required to note its own lack of jurisdiction, and if the notice of appeal is not timely filed, the appellate court simply does not have jurisdiction." *Smith v. Parkerson Lumber Inc.*, 890 So. 2d 832, 834 (¶12) (Miss. 2003). Furthermore, "the timely filing of a notice of appeal is jurisdictional and that the notice must, under M.R.A.P. 4(a), be filed within thirty days following entry of the judgment from which the appeal is taken." *Id.*; *see also* MRAP 2(a)(1) ("An appeal shall be dismissed if the notice of appeal was not timely filed pursuant to Rules 4 or 5").

¶12.    The circuit court dismissed Alexander's claims with prejudice with a "Final Judgment" file-stamped July 30, 2019. The next entry on the docket is file-stamped August 30, 2019. This document, a pro se appellate brief by Alexander that sought relief from the final judgment, was treated by the circuit clerk as a notice of appeal. *See* MRAP 3(c) ("An appeal shall not be dismissed for informality of form or title of the notice of appeal").

4

However, the document was not filed until 31 days after the entry of the final judgment, one day beyond the time specified for appeal under Rule 4(a).

¶13. Accordingly, the attempt to file a notice of appeal was untimely, and we do not have jurisdiction to review the underlying dismissal with prejudice. *See Tandy Elecs. Inc. v. Fletcher*, 554 So. 2d 308, 308, 311-12 (Miss. 1989) (appeal dismissed when notice of appeal was filed 32 days after judgment was entered); *McChester v. McChester*, 300 So. 3d 1035, 1038 (¶13) (Miss. Ct. App. 2020) (finding we lacked jurisdiction when notice of appeal was untimely filed).

¶14. **APPEAL DISMISSED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD AND LAWRENCE, JJ., CONCUR.**